## UNITED STATES, Appellant

v.

## LOWELL DEAN KIRCHNER, Corporal, U. S. Marine Corps Reserve, Appellee

### 1 USCMA 477, 4 CMR 69

No. 654

Decided July 24, 1952

CDR. F. LaMar Forshee, USN, for Appellant.

CDR. John T. Davies, USN, and CDR. Raymond van Wolkenten, USN, for Appellee.

### Opinion of the Court

ROBERT E. QUINN, Chief Judge:

Upon trial by general court-martial,[1] the accused pleaded guilty to and was convicted of negligent homicide in violation of Article 134 of the Uniform Code of Military Justice, 50 USC § 728. The sentence as mitigated, extends to a suspended bad-conduct discharge, total forfeiture of pay, and confinement for six months. A Navy board of review held the proceedings to be a nullity on the ground that the specification was fatally defective. This decision was based on the theory that negligent homicide, insofar as it requires a degree of negligence less than the culpable negligence demanded for involuntary manslaughter, is not an offense under the Uniform Code of Military Justice, 50 USC §§ 551–736. The Navy Judge Advocate General has certified to us the correctness of the board of review's decision.

[1] 1–52–G–118.

The specification under which this accused was convicted reads as follows:

"In that Lowell Dean Kirchner, corporal, U. S. Marine Corps Reserve, Marine Barracks, U.S. Naval Station, Treasure Island, San Francisco, California, on active duty did, on board the USNS General Weigel, on or about 3 January 1952, unlawfully kill Corporal Paul A. Dugle, U.S. Marine Corps, by negligently shooting the said Dugle in the head with a 9mm Luger pistol."

This may be amplified by the opening statement of the trial counsel:

"The general nature of the charge in this case is negligent homicide. In order that there may be no misunderstanding in that regard, the charge is not involuntary manslaughter. . . . ."

It is clear from the specification and

the statement of the trial counsel that this accused pleaded guilty to and was convicted of a degree of involuntary homicide contemplating something less than gross and culpable negligence. The issue of whether the Uniform Code, supra, recognizes such an offense is, therefore, squarely before us for decision.

The specification in this case was laid as a violation of Article 134 of the Uniform Code of Military Justice, supra. That article, insofar as here pertinent, condemns all disorders and negligences to the prejudice of good order and discipline in the armed forces and all conduct of a nature to bring discredit upon the armed forces. Considering the problem solely from the standpoint of the language of these two phrases taken from Article 134, supra, we entertain no doubt of the fundamental propriety of punishing thereunder a killing resulting from simple negligence in the handling of firearms. See United States v. Snyder, (No. 409), 1 USCMA 423, 4 CMR 15, decided June 5, 1952; United States v. Herndon, (No. 570), 1 USCMA 461, 4 CMR 53, decided July 17, 1952; Manual for Courts-Martial, United States, 1951, paragraph 213; Winthrop, Military Law and Precedents, 2d ed., 1920 Reprint, pages 722–723. This view is buttressed by the fact that the Manual for Courts-Martial, 1951, supra, recognizes negligent homicide as an offense less serious than involuntary manslaughter. See Manual, supra, appendix 6, sample specification No. 144 (a model specification which is followed precisely by the one under discussion here); paragraph 198(b) and appendix 12 (both of which mention negligent homicide as a lesser included offense under involuntary manslaughter); and the Table of Maximum Punishments at page 226 of the Manual (which prescribes for negligent homicide a maximum punishment considerably less than that authorized for involuntary manslaughter). We note also that we have indicated in previous opinions recognition of the crime of negligent homicide as defined by an unlawful killing coupled with simple negligence. United States v. Roman, (No. 191), 1 USCMA 191, 2 CMR 150, decided March

19, 1952; United States v. Clark, (No. 190), 1 USCMA 201, 2 CMR 107, decided February 29, 1952. Finally, we note that both the Army and the Air Force have held that negligent homicide, requiring a degree of negligence less than gross or culpable, is an offense under both Article 134, supra, and its predecessor Article of War 96, 10 USC § 1568. United States v. Gilbert, 3 CMR(AF) 18; United States v. Deese, 3 CMR(AF) 307; United States v. Marr, 4 CMR(AF) 511; United States v. Senck, 78 BR 175; United States v. Smith, 1 BR–JC 307; United States v. Patch, 7 BR–JC 89; United States v. Bussard, 7 BR–JC 197; United States v. Bell, 9 BR–JC 301; United States v. Jones, 10 BR–JC 255.

Appellate defense counsel argues in opposition to these views that the Navy, in its decisions under the Articles for the Government of the Navy, 34 USC § 1200, has never recognized negligent homicide as an offense. We are cited to the following Navy authorities. CMO 33–1914, pp 8–11; 36–1914, p 6; 39–1919, p 15; 243–1919, p 1; 5–1947, pp 131, 134; 4–1951, p 117; 7–1945, p 294; 3–1947, p 48; 10–1946, p 334; 5–1949, p 112. We may concede the correctness of appellate defense counsel's interpretation of pre-existing Navy law. Also, it is true, as argued by defense, that Article 134, supra, must be interpreted in the light of existing service customs and usages. Dynes v. Hoover, 61 US 65, 15 L ed 838. However, we perceive no merit to the suggested argument that we must look solely to Navy legal precedents in evaluating pre-existing custom in relation to this offense. The act upon which the charge in this case was based occurred in January 1952, well after the effective date of the Uniform Code of Military Justice, supra. This Code is applicable to all the services and, where an evaluation of custom and usages is necessary to the solution of an issue not peculiarly limited to one of the services, we must examine the manner in which all services have treated the problem. We have already noted that both the Air Force and the Army have recognized the offense of negligent homicide predicated upon an unlawful killing through simple negli-

478

gence. We think the decisions supporting this theory are well-reasoned and persuasive. We cannot recognize negligent homicide as an offense when committed by a soldier or airman, but not an offense when committed by a sailor. In view of our previous interpretations of the scope of Article 134, supra, the Manual, supra, recognition of negligent homicide as an offense, and the previous decisions of the Army and the Air Force, it is our view that unlawful homicide through simple negligence is an offense under the Uniform Code of Military Justice, supra.

We have considered carefully the citations by appellate defense counsel to various civilian criminal statutes and decisions interpreting them. We do not, however, think that these statutes have any direct relation to the problem before us. We are not concerned with interpretation of a statute which, on its face, punishes degrees of unlawful homicide. It is not necessary for us to find recognition of this offense in the articles of the Code relating to murder and manslaughter. We say only that it may be punished as conduct of a nature to bring discredit upon the armed forces or a disorder and neglect to the prejudice of good order and discipline in the armed forces.

The decision of the board of review is reversed and the case is remanded to The Judge Advocate General of the Navy for referral to a board of review for further action in accordance with this decision.

Judges LATIMER and BROSMAN concur.