118 N.J. Super. 377 (1972)
288 A.2d 32
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
DANIEL ROBERT THOMAS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 31, 1972.
Decided March 1, 1972.
*378 Before Judges SULLIVAN, LEONARD and CARTON.
Mr. Morton L. Anekstein, Assistant Deputy Public Defender, argued the cause for appellant (Mr. Alex Eber, Deputy Public Defender, of counsel; Mr. Stanley C. Van Ness, Public Defender, attorney).
Mr. Terry Philip Green, Assistant Prosecutor, argued the cause for respondent (Mr. John S. Kuhlthau, Middlesex County Prosecutor, attorney).
PER CURIAM.
Defendant sold three packets of heroin to a 21-year-old drug user. After making the sale he warned the purchaser that the stuff was good, "not to do too much." Thereafter, the user administered almost two packets of the drug to himself and died as a result. The autopsy report *379 was to the effect that the death was the result of an overdose.
Defendant was indicted on charges of unlawful possession of heroin, unlawful sale thereof, and manslaughter. He was convicted of all three charges and sentenced to three indeterminate terms at the New Jersey Reformatory, to be served concurrently. His basic contention on appeal is that he cannot be held criminally responsible for the user's death which defendant asserts was caused by the user's intervening and voluntary act of administering an overdose of the drug to himself.
There are few precedents in this area. In California sellers or furnishers of drugs have been convicted of felony murder where the user died from an overdose of the drug. In such cases it has been held that the acts of the decedent in administering the drug to himself did not constitute an independent intervening cause. However, in New York a trial court has ruled that a seller of drugs may not be held criminally liable for the user's death under New York homicide statutes. People v. Pinckney, 65 Misc.2d 265, 317 N.Y.S.2d 416 (Cty. Ct. 1971). Some discussion of the problem is contained in an Annotation "Homicide: Criminal Liability for Death Resulting from Unlawfully Furnishing Intoxicating Liquor or Drugs to Another," 32 A.L.R.3d 589 (1970).
We conclude that the State's proofs were sufficient to establish a prima facie case of manslaughter. Not only did the State establish the fact of defendant's unlawful sale of heroin, but it also produced evidence that heroin is classified as an inherently dangerous substance capable of causing death. The toxologist who appeared for the State testified that heroin is one of the more poisonous derivatives of morphine. "It takes very little to give a reaction to a person and it doesn't take an awful lot more to bring about their death." The medical examiner who performed the autopsy on the body of the user and who fixed the cause of death as an accidental overdose of heroin, testified that in his experience *380 death due to heroin overdose was not uncommon and was becoming more common each year. Defendant was himself a heroin user.
We are satisfied that there can be imputed to defendant either knowledge or reckless disregard of the consequence of his act, and that the jury could have reasonably found from the proofs that beyond a reasonable doubt the regular, natural and likely consequence of the sale of heroin was the user's death.
The act of the user in administering the drug to himself we consider at most to be a concurrent rather than an independent intervening cause. Moreover, defendant was a user as well as a seller of heroin. He must have been aware of an addict's unreasoned craving for the drug. We conclude that the homicide issue was properly submitted to the jury.
Defendant also argues that if his conviction of manslaughter is upheld, he cannot also be convicted of the sale of heroin since the sale was a constituent element of the manslaughter.
This contention has merit. The unlawful sale of heroin, while a crime in itself, was an essential element of the manslaughter and must therefore be considered an included offense. See Tentative Draft New Jersey Penal Code, § 2C:1-7 and Commentary. Defendant may not be convicted of more than one of these offenses. Cf. State v. Mowser, 92 N.J.L. 474 (E. & A. 1919); State v. Cooper, 13 N.J.L. 361 (Sup. Ct. 1833). Accordingly, the conviction of unlawful sale of heroin including sentence is hereby vacated. The balance of the judgment of conviction is affirmed.