## 28050. ANDERSON v. THE STATE.

ARGUED JULY 11, 1973 — DECIDED SEPTEMBER 6, 1973 — REHEARING DENIED OCTOBER 25, 1973.

*Phillip Slotin,* for appellant.

*Lewis R. Slaton, District Attorney, Richard E. Hicks, Morris H. Rosenberg, J. Melvin England,* for appellee.

MOBLEY, Chief Justice. The appellant was indicted for violation of the Georgia Drug Abuse Control Act (Ga. L. 1967, pp. 296, 343 et seq., as amended; Code Ann. § 79A-901 et seq.). The indictment contained six counts. Each count charged that the appellant "a physician in the State of Georgia, did prescribe for the use of" a named person, a stated (depressant or stimulant) drug, by furnishing the named person with a prescription in the form reproduced in the indictment, "said accused in prescribing said stimulant [or depressant] drug, not acting in the ordinary and authorized course of his profession and in the course of his professional practice; . . ."

This appeal is from the overruling of the demurrer and motion to quash the indictment, in which several constitutional attacks were made on the Georgia Drug Abuse Control Act. Counsel for the appellant in his brief states that the sole issue in the appeal is whether the Act is unconstitutionally vague and indefinite in general and particularly in relation to prescriptions of drugs by medical doctors.

The appellant has not argued his contention that the Act is

unconstitutionally vague and indefinite in general, and this contention is deemed to have been abandoned.

Code Ann. § 79A-904 (b) prohibits the "sale, delivery, or other disposition of a drug in violation of § 79A-907 (b)." Code Ann. § 79A-907 (b) provides that, "No person other than: (1) a person described in subsection (a), while such person is acting in the ordinary and authorized course of his business, profession, occupation, or employment, . . . shall sell, deliver or otherwise dispose of any depressant or stimulant drug . . . to any other person." Subsection (a) (5) lists as exempt persons: "Practitioners licensed in this State to prescribe or administer depressant or stimulant drugs, while acting in the course of their professional practice."

The appellant contends that Subsection (a) (5) of Code Ann. § 79A-907 specifically excludes the regulation of physicians, and that the state has attempted to pervert the real intent of the General Assembly by using this part of the statute as the basis of its right to indict the appellant. He asserts that the main purpose of the Act was to regulate pharmacists in the manufacture, sale, and delivery of certain stimulant and depressant drugs; that there is nowhere in the Act any clear or specific declaration involving the control and supervision of physicians; and the only mention of physicians is to list them as being excepted from the control of the Act.

In Code Ann. § 79A-902 the General Assembly stated its finding that, "it is essential to the public health and safety to regulate and control the manufacture, distribution, delivery and possession of depressant and stimulant drugs, . . ." It declared its policy, intent, and purpose in enacting the Act, among other things, to be "to place upon manufacturers, wholesalers, licensed compounders of prescriptions, and *persons prescribing such drugs,* a basic responsibility for preventing the improper distribution of such drugs to the extent that such drugs are produced, handled, sold, or *prescribed by them.*" This section shows plainly that the Act was intended to apply to physicians prescribing depressant and stimulant drugs, as well as to pharmacists and others.

Code Ann. § 79A-907 (b) prohibits the disposition of any depressant or stimulant drugs to any other person, other than by certain persons described in subsection (a). It is contended by the appellant that the phrase in subsection (a) (5), "while acting in the course of their professional practice" may reasonably be interpreted as merely describing "practitioners" who are excepted from the terms of the Act. The appellant then relies on the rule

that, "when a criminal statute fairly and reasonably is subject to two constructions, one which would render an act criminal, the other which would not, the statute must be construed strictly against the state and in favor of the accused." *Riley v. Garrett,* 219 Ga. 345, 347 (133 SE2d 367).

We do not agree that the phrase "while acting in the course of their professional practice," can reasonably be interpreted as suggested by the appellant. Unless this phrase is intended as a limitation on the exemption of practitioners licensed to prescribe depressant or stimulant drugs, the words are superfluous. It is our opinion that the only reasonable interpretation of this phrase is that it limits the exemption as to physicians so that the only occasions when physicians do not incur a criminal penalty when prescribing stimulant or depressant drugs is when they are acting in the course of their professional practice.

"A criminal statute that defines the crime with sufficient definiteness to enable one familiar with the act made criminal to determine when the statute is being violated is not void as offending the fourteenth amendment of the Constitution of the United States, or Art. I, Sec. I, Par. III, of the Constitution of Georgia. . ." *Farrar v. State,* 187 Ga. 401 (2) (200 SE 803). It should not be difficult for a physician to know whether he is acting in the course of his professional practice in prescribing depressant or stimulant drugs.

Construing Code Ann. §§ 79A-904 (b) and 79A-907 (a) (5) and (b) together, the Drug Abuse Control Act prohibits physicians from selling, delivering, or otherwise disposing of any depressant or stimulant drug to any other person except while acting in the course of their professional practice. The Act as related to physicians is not so vague and uncertain as to violate the due process clauses of the State and Federal Constitutions. *Jones v. State,* 219 Ga. 848, 850 (136 SE2d 358); *Wallace v. State,* 224 Ga. 255 (1b) (161 SE2d 288); *Hogan v. Atkins,* 224 Ga. 358 (162 SE2d 395); *Watts v. State,* 224 Ga. 596 (163 SE2d 695); United States v. Petrillo, 332 U. S. 1 (67 SC 1538, 91 LE 1877); Boyce Motor Lines v. United States, 342 U. S. 337 (72 SC 329, 96 LE 367).

It was not error to overrule the demurrers and motion to quash the indictment.

*Judgment affirmed. All the Justices concur.*