Fuchsberg J.
On this appeal from a conviction of manslaughter in the second degree, the proof showing, among other things, that defendant Cruciani injected Margaret Heur with heroin (1) when, in his own words, she was already "completely bombed out on downs” (depressants like morphine into which heroin is rapidly converted by the body’s metabolic processes), (2) at a time when she had lost the capacity to "walk or talk straight”, and (3) despite his admission of awareness that there was a substantial possibility that a further injection in her then drug-saturated state would cause her to "fall out” (in modern vernacular of drug users, that she would die) is fatal to any contention that he did not act recklessly within the meaning of section 125.15 of the Penal Law.
According to section 125.15, the defendant would be guilty if he "recklessly” caused the death. "Reckless”, like other terms defining the "mental element” of crimes, has long eluded precise legal definition. (Cf. Morissette v United States, 342 US 246, 252.) Under New York’s statute the significant element is scienter, a showing that defendant was "aware of and consciously disregarded] a substantial and unjustifiable risk” (Penal Law, § 15.05; emphasis supplied). The jury was justified in finding the requisite cognitive factors here.
Defendant is mistaken in his reliance on People v Pinckney (38 AD2d 217, affd 32 NY2d 749). There the defendant had sold the drug to the deceased, but did not inject the heroin. Nor was there any proof, as here, of awareness of the ongoing effect of drugs in the victim’s body at the time any self-inflicted injection might have been made, or, beyond the general knowledge of the injuriousness of drug-taking, of a *306 real threat to life. The remoteness of that fatal injection from the fact of sale diffused intent and scienter by possibly unknown or intervening events beyond Pinckney’s control.
Nor can defendant find comfort in the claim that he was importuned by the victim herself to administer the injection. Consent, if it was given, or her own possible recklessness may add to the pathos in this tragic episode between drug users, but it is not available as a defense in these circumstances. The crime charged was against the People. The order of the Appellate Division affirming the judgment of conviction should be affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Cooke concur.
Order affirmed.