**UNITED STATES, Appellee,**

v.

**Raphael ROMERO, Private, U.S. Marine Corps, Appellant.**

**No. 30,413.**

U. S. Court of Military Appeals.

Nov. 28, 1975.

*Lieutenant Howard L. Schwartz*, JAGC, USNR, argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Commander Jeffrey H. Bogart*, JAGC, USN.

*Captain W. D. Blalock*, USMCR, argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel P. N. Kress*, USMC.

## OPINION OF THE COURT

FERGUSON, Senior Judge:

At his general court-martial, the appellant was convicted of the negligent homicide of Private Wall "by injecting into him, a lethal over-dose of heroin." [1] At issue before this Court is the legal sufficiency of the evidence to sustain this finding, which we now deem to be adequate.

The prosecution's case depended upon the testimony of Private Blackwell and the sworn pretrial statement of the appellant himself, admitted into evidence at trial as Prosecution Exhibit 1. Capsuled, this evidence indicates that on the date in question, Private Wall entered the room of Lance Corporal Monroe, where he found Monroe, Blackwell, and the appellant. Wall asked

---

[1] At trial appellant faced allegations of wrongful possession and wrongful use of heroin, each in violation of a lawful general regulation, under Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892, and of involuntary manslaughter of Private Wall—unlawfully killing the named victim through the culpable negligence of injecting into him a lethal overdose of heroin, under Article 119, UCMJ, 10 U.S.C. § 919. Acquitted of the first two offenses, the appellant was convicted of the lesser included offense of the third, negligent homicide, in violation of Article 134, UCMJ, 10 U.S.C. § 934.

Monroe to trade him some heroin for a quantity of "hash oil." Using all of the $10.00 worth of heroin and the paraphernalia furnished him by Monroe, Wall prepared to "shoot up." He "cooked" the reddish-brown, powdery substance to form a dark brown solution, drew a half-inch of it into a syringe, and placed a belt around his upper arm.

At this point, Wall solicited persons in the room to perform the injection. First, he handed the syringe to Blackwell and asked him for help. Instead Blackwell and others in the room advised Wall that he should not inject that much heroin because it was too much for him to use. Appellant was present in the room when Wall was so warned. Blackwell then threw the syringe back on the bed and refused to aid Wall in administering the drug. Wall was equally unsuccessful in obtaining Monroe's assistance. Frustrated in his attempts to invoke the aid of others, Wall began pricking his upper arm himself, exploring for a vein suitable for the injection. Apparently observing Wall unable to accomplish his expressed goal, the appellant, according to his own sworn statement, "reached over and helped him get it into a vein."[2] Wall then plunged the entire amount of solution in the syringe into his vein. He died a short time later. The autopsy revealed the cause of death to have been morphine poisoning—that is, heroin overdose.

 Negligent homicide is the unlawful killing of another which is the result of simple negligence.[3] Simple negligence involves, in degree, less carelessness than culpable negligence.

It is the absence of due care, that is, an act or omission of a person who is under a duty to use due care which exhibits a lack of that degree of care for the safety of others which a reasonably prudent man would have exercised under the same or similar circumstances.[4]

Applying this standard to the case at bar,[5] we find that the evidence of record is legally sufficient to sustain the finding that appellant was guilty of simple negligence which resulted in the unlawful death of Private Wall.

 There was evidence that appellant was himself a drug user, not one entirely naive in the potential effects of the use of dangerous drugs. Additionally, he was present in the room when the others warned the deceased not to use all the heroin he had cooked and drawn into the syringe, thereby indicating an apparent intention on the part of the deceased to insert the full amount of the solution into his arm. Yet, despite this warning and his own familiarity with drugs, he helped the deceased insert the syringe into a vein in the latter's arm when the deceased himself was unable to do so and when all others in the room refused aid. Under these facts the appellant's action failed to reflect the degree of care which a reasonably prudent man would have exercised under the same or similar circumstances.

 There remains the question whether the appellant's act of simple negligence proximately caused Wall's demise, for

2. Appellant's admission of complicity is corroborated by Blackwell's testimony that, although he did not actually see appellant touch either the syringe or Wall's arm, he did see appellant, seated on the bed with Wall, reach over to Wall's arm and move his own hand in the vicinity of the arm where the syringe was inserted.

3. Paragraph 213f(12), Manual for Courts-Martial, United States, 1969 (Rev); *United States v. Greenfeather*, 13 U.S.C.M.A. 151, 32 C.M.R. 151 (1962).

4. Paragraph 213f(2), MCM; *see United States v. Bryan*, 19 U.S.C.M.A. 184, 41 C.M.R. 184 (1970); *United States v. Russell*, 3 U.S.C.M.A. 696, 14 C.M.R. 114 (1954); *United States v. Kirchner*, 1 U.S.C.M.A. 477, 4 C.M.R. 69 (1952); *United States v. Roman*, 1 U.S.C.M.A. 244, 2 C.M.R. 150 (1952).

5. In applying the standard of simple negligence to the facts of a given case, it is necessary to do so "in the light most favorable to the conclusion reached by the finders of fact-the court-martial. *United States v. McCrary*, 1 U.S.C.M.A. 1, 1 C.M.R. 1; *United States v. Schultz*, 1 U.S.C.M.A. 512, 529, 4 C.M.R. 104; *United States v. Richardson*, 1 U.S.C.M.A. 558, 564 and 565, 4 C.M.R. 150." *United States v. Greenfeather, supra* at 157, 32 C.M.R. at 157.

an accused is responsible for a homicide only if his act was a proximate cause of same. To be proximate, an act need not be the sole cause of death, nor must it be the immediate cause—the latest in time and space preceding the death. But a contributing cause is deemed proximate only if it plays a material role in the victim's decease. *See United States v. Houghton*, 13 U.S.C. M.A. 3, 32 C.M.R. 3 (1962); 1 Warren, Homicide § 59 (perm. ed. 1938); 1 Wharton, Criminal Law and Procedure § 290 (1957). In the case before us, under circumstances wherein all others in the room with the appellant and the decedent refused to help the latter inject the heroin into his arm; where, instead, they warned him not to take all the drug because it was too much for him, which warning the appellant could not but have heard; and where the victim apparently was unable to effect the injection himself, it most assuredly cannot be said that the appellant's act of inserting the syringe into the victim's arm, enabling the latter to accomplish the injection theretofore unsuccessful, as a matter of law, did not play a material role in Wall's death. In other words, under these facts, the tragic end was a natural and foreseeable consequence of the appellant's negligent act and, therefore, proximately caused by it.

The decision of the U.S. Navy Court of Military Review is affirmed.

Chief Judge FLETCHER and Judge COOK concur.