UNITED STATES, Appellee,

v.

Joseph S. MAZUR, Specialist Four, U. S. Army, Appellant.

No. 38,331.

CM 437687.

U. S. Court of Military Appeals.

June 14, 1982.

For Appellant: *Captain Robert L. Gallaway* (argued); *Lieutenant Colonel John F. Lymburner, Major Charles A. Byler* (on brief); *Colonel Edward S. Adamkewicz, Jr., Captain Thomas R. Peppler.*

For Appellee: *Captain Michael E. Pfau* (argued); *Colonel R. R. Boller, Major Ted B. Borek, Major Paul G. Thomson* (on brief); *Major David McNeill, Jr., Captain Charles A. Cosgrove, Captain Brian X. Bush.*

## OPINION OF THE COURT

COOK, Judge:

In accordance with his pleas, appellant was convicted by a general court-martial consisting of a military judge alone of involuntary manslaughter and wrongful possession and use of heroin, in violation of Articles 119 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 919 and 934, respectively. He was sentenced to a bad-conduct discharge, confinement at hard labor for 2 years, total forfeitures, and reduction to the lowest enlisted grade. The convening authority reduced the confinement to 10 months, but otherwise approved the findings and sentence. His action was affirmed by the United States Army Court of Military Review. *United States v. Mazur,* 8 M.J. 513 (1979). We granted review to determine whether appellant's pleas of guilty to the offense of involuntary manslaughter were improvident. 9 M.J. 137.

The issue is raised in the following factual context. Appellant entered a plea of guilty to the unlawful killing by culpable negligence of a named victim by assisting the victim in intravenously injecting heroin. During the providence inquiry, the military judge delineated the elements of a violation of Article 119(b)(1). Appellant now asserts that assisting a victim to inject heroin cannot, as a matter of law, constitute involuntary manslaughter by a culpably negligent act. He observes that *United States v. Moglia,* 3 M.J. 216 (C.M.A.1977), which upheld a conviction of involuntary manslaugh-

ter for transferring heroin to the deceased was prosecuted under clause (b)(2) of Article 119, which defines involuntary manslaughter as an unlawful killing occurring during the commission of "an offense . . . directly affecting the person" of the victim. However, the Court in *Moglia* cited several cases noting that they had "held the furnishing of a restricted drug was an act inherently dangerous to human life."[1] The Court further observed that "heroin is both a dangerous and a restricted drug in the military." *Id.* at 217.

In *United States v. Romero*, 1 M.J. 227, 230 (C.M.A.1975), the Court upheld a conviction of negligent homicide, observing the following:

> In the case before us, under circumstances wherein all others in the room with the appellant and the decedent refused to help the latter inject the heroin into his arm; where, instead, they warned him not to take all the drug because it was too much for him, which warning the appellant could not but have heard; and where the victim apparently was unable to effect the injection himself, it most assuredly cannot be said that the appellant's act of inserting the syringe into the victim's arm, enabling the latter to accomplish the injection theretofore unsuccessful, as a matter of law, did not play a material role in Wall's death. In other words, under these facts, the tragic end was a natural and foreseeable consequence of the appellant's negligent act and, therefore proximately caused by it.

Here, we are concerned with culpable negligence rather than simple negligence. Paragraph 198*b*, Manual for Courts-Martial, United States, 1969 (Revised edition), defines culpable negligence as the:

> [D]egree of carelessness greater than simple negligence. It is a negligent act or omission accompanied by a culpable disregard for the foreseeable consequences to others of that act or omission. Thus, the basis of a charge of involuntary manslaughter may be a negligent act or omis-

sion which, when viewed in the light of human experience, might foreseeably result in the death of another, even though death would not, necessarily, be a natural and probable consequence of the act or omission.

*See also United States v. Kick*, 7 M.J. 82, 86 n. 1 (C.M.A.1979) (Perry, J., dissenting); *United States v. Monroe*, 50 C.M.R. 423 (N.C.M.R.1975); *United States v. Uno*, 47 C.M.R. 683 (A.C.M.R.1973); *United States v. Thibeault*, 43 C.M.R. 704 (A.C.M.R.1971), *pet. denied*, 20 U.S.C.M.A. 671, 43 C.M.R. 413 (1971).

Appellant admitted during the providence inquiry that he assisted the victim because the victim was unable to inject the heroin by himself as a result of having injected heroin approximately three hours earlier. He asserted that he had previously observed the victim inject a greater quantity of heroin although he did not believe he had ever observed the victim take the quantity involved that soon after having previously injected heroin. He asserted he did not believe the second injection was dangerous because he (appellant) "did it too."

■ Appellant cites *Commonwealth v. Bowden*, 456 Pa. 278, 309 A.2d 714 (1973), and *People v. Pinckney*, 38 A.D.2d 217, 328 N.Y.S.2d 550 (1972), *aff'd*, 32 N.Y.2d 749, 344 N.Y.S.2d 643, 297 N.E.2d 523 (1973), as authority for his contention that his conviction of involuntary manslaughter should be reversed. Although these authorities are not binding precedent, we note that *Bowden* involved a prosecution for second degree murder and the court refused to imply the requisite malice from the accused's act of injecting heroin into the decedent. Here, we are involved with a requirement of culpable negligence to sustain a conviction of involuntary manslaughter. The court in *Pinckney* held the intervening act of the decedent of injecting himself absolved the accused of criminal responsibility under its construction of the state manslaughter statute. However, the court in *People v. Cruciani*, 36 N.Y.2d 304, 367 N.Y.S.2d 758, 327

---

1. *People v. Taylor*, 11 Cal.App.3d 57, 89 Cal. Rptr. 697 (1970); *People v. Cline*, 270 Cal.

App.2d 328, 75 Cal.Rptr. 459 (1969); *United States v. Uno*, 47 C.M.R. 683 (A.C.M.R.1973).

N.E.2d 803 (1975), affirmed a conviction of manslaughter where the accused injected heroin into the victim, distinguishing *People v. Pinckney, supra,* on the basis that that case involved only a sale, rather than an injection, of heroin. As previously noted, other courts have defined the act of merely furnishing a restricted drug as inherently dangerous. Other state courts have upheld manslaughter convictions predicated upon the sale or injection of heroin.[2] In the present case, appellant was charged with involuntary manslaughter by culpable negligence rather than a crime against the person, as in *Moglia.* However, as previously noted, the Court described the transfer of a restricted drug as an inherently dangerous act in that case. Certainly, the actual injection of heroin posed an equal or greater danger to the life of the victim and we, therefore, believe that death was a foreseeable consequence, so appellant's act constituted culpable negligence.

In *United States v. Romero, supra* at 230, we defined "proximate cause" thusly:

> To be proximate, an act need not be the sole cause of death, nor must it be the immediate cause—the latest in time and space preceding the death. But a contributing cause is deemed proximate only if it plays a material role in the victim's decease. *See United States v. Houghton,* 13 U.S.C.M.A. 3, 32 C.M.R. 3 (1962); 1 Warren, Homicide § 59 (perm. ed. 1938); 1 Wharton, Criminal Law and Procedure § 290 (1957).

Here, appellant acknowledged that a medic was summoned but the victim was left in a state of unconsciousness without further medical attention. We do not believe that the medic's carelessness was of sufficient magnitude to relieve appellant of responsibility for the death as appellant's act was the material cause of death. *See* cases annotated at 100 A.L.R.2d 783, *et seq.,* Mistreatment of Wound or Injury. Applying the quoted standard here, we are convinced that appellant's act of assisting the victim to inject heroin was the proximate cause of his death.

■ Finally, appellant submits that his plea of guilty is improvident because he did not foresee the death of the victim, although he did acknowledge that death was a foreseeable consequence. His argument, however, misconstrues the standard involved. Foreseeability of death is an objective rather than subjective standard. Thus, appellant did not, in fact, have to foresee the death of the victim.

The decision of the United States Army Court of Military Review is affirmed.

EVERETT, Chief Judge (concurring):

Appellant knew that Marcella, the victim, had ingested heroin before and that he was so unsteady that he needed assistance in making a further intravenous injection. Under these circumstances a reasonable man would have realized that Marcella was risking an overdose of heroin, which could be fatal. Under Article 119(b)(1) of the Uniform Code of Military Justice, 10 U.S.C. § 919(b)(1), the foreseeability of death can adequately support criminal liability for involuntary manslaughter even if an accused did not, in fact, foresee a fatal outcome. Therefore, here the plea of guilty was provident.

According to his admissions during the providence inquiry, appellant would be liable as an aider and abetter for Marcella's wrongful use of heroin, which is an offense under Article 134. It is arguable that this wrongful use is "an offense ... directly affecting the person" for purposes of Article 119(b)(2). On this premise, appellant's admissions clearly established his guilt of involuntary manslaughter under the rationale of *United States v. Moglia,* 3 M.J. 216 (C.M.A.1977), which held that an accused could be convicted of involuntary manslaughter under Article 119(b)(2) because of his transfer of heroin to the deceased. If appellant's answers during the providence inquiry established that he was guilty of

---

2. *State v. Thomas,* 118 N.J.Super. 377, 288 A.2d 32 (1972), *cert. denied,* 60 N.J. 513, 291 A.2d 374 (1972); *People v. Meyer,* 46 Mich. App. 357, 208 N.W.2d 230 (1973). *See also* cases annotated at 32 A.L.R.3d 589, *et seq.*

involuntary manslaughter under 119(b)(2), rather than under Article 119(b)(1), this would not require setting aside his plea of guilty. *United States v. Felty*, 12 M.J. 438 (C.M.A.1982).

FLETCHER, Judge (dissenting):

I dissent. Notwithstanding the fact that *United States v. Moglia*, 3 M.J. 216 (C.M.A. 1977), was decided on clause (b)(2) of Article 119, Uniform Code of Military Justice,

10 U.S.C. § 919(b)(2), Judge Cook employs it as *implicit authority to resolve the instant prosecution under the first sub-clause of the same article.*[1] This is done by quoting certain language holding that furnishing restricted drugs is an action inherently dangerous to human life.

I am unable to agree that the inherent dangerousness of drug transfer and use necessarily compels a finding of culpable negligence.

1. Article 119(b)(1), Uniform Code of Military     Justice, 10 U.S.C. § 919(b)(1).