■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK M. DUFFY, Appellant.—Casey, J. Appeal from a judgment of the County Court of Cortland County (Mullen, J.), rendered May 18, 1989, upon a verdict convicting defendant of the crime of manslaughter in the second degree.

During the early morning hours on August 6, 1988, Jason Schuhle had been drinking heavily and was upset and extremely distraught over the break-up of his relationship with his girlfriend. Schuhle met defendant, who also had been

drinking, and eventually the two went to defendant's apartment where they continued to drink beer on the porch. Schuhle was obsessed with dying, talking about suicide and importuning defendant to kill him. Defendant, tired of Schuhle's complaining and not believing that Schuhle really wanted to kill himself, provided Schuhle with access to a rifle and subsequently the bullets. Defendant then walked away from the porch. Schuhle was familiar with rifles and, unknown to defendant, loaded the gun and committed suicide. Defendant was charged with two counts of manslaughter in the second degree: the first count alleged that he intentionally caused or aided another person to commit suicide pursuant to Penal Law § 125.15 (3), and the second count alleged that he recklessly caused the death of another person pursuant to Penal Law § 125.15 (1). After trial, defendant was acquitted of the first count and convicted of the second count. Defendant appeals, contending that recklessly causing the victim's death by suicide is not within the ambit of Penal Law § 125.15 (1). We agree.

When the victim commits suicide, a defendant may be prosecuted for the crime of manslaughter in the second degree only under Penal Law § 125.15 (3). It is "the general rule that a prosecution may be maintained under any penal statute proscribing certain conduct, notwithstanding that it overlaps with a more specific statute * * * [but] that discretion may be limited by a legislative intention to make a specific statute the exclusive means of punishing particular conduct" (People v Valenza, 60 NY2d 363, 371 [citations omitted]). A reading of Penal Law § 125.15 clearly establishes the Legislature's intent that a person be found guilty of manslaughter in the second degree for causing or aiding a suicide only when he or she acts intentionally. Prosecution of defendant for manslaughter in the second degree under Penal Law § 125.15 (1) for recklessly causing a suicide is in direct conflict with Penal Law § 125.15 (3), which requires a higher culpable mental state when a suicide is involved. Accordingly, since defendant was acquitted under Penal Law § 125.15 (3), he cannot be convicted of manslaughter in the second degree for his participation in the events surrounding the victim's suicide.

Judgment reversed, on the law, and indictment dismissed. Mahoney, P. J., Casey, Mikoll and Yesawich, Jr., JJ., concur.

Weiss, J., concurs in a memorandum. Weiss, J. (concurring). Defendant has been found guilty of recklessly causing the death of Jason Schuhle. It strikes me that the facts in this case simply could not support such a result and that defen-

dant should, at most, only have been indicted on the first count for intentionally causing or aiding another person to commit suicide (Penal Law § 125.15 [3]). In my view his conviction under Penal Law § 125.15 (1) cannot withstand scrutiny. To the extent that the conviction must be reversed, I agree with the majority. However, I write separately because I believe there exists a different reason for reversal.

In *People v Cruciani* (36 NY2d 304) the Court of Appeals introduced a new element into the consideration of manslaughter in the second degree charges. The court found that when an alleged reckless act causes death, the significant element is scienter, that is, a showing that the defendant was aware of and consciously disregarded a substantial and unjustifiable risk *(see,* Penal Law § 15.05). The court also found that there could be a diffusement between the intent (scienter) and the reckless act by possible unknown or intervening events beyond the control of the defendant. The defendant in *Cruciani* was convicted of manslaughter in the second degree for recklessly causing the death of another person (Penal Law § 125.15 [1]). He had injected an addict with heroin when he was aware of a substantial possibility that a further injection into her already drug-saturated body would cause death. This knowledge was found by a jury to preclude any contention that the defendant had not acted recklessly within the meaning of Penal Law § 125.15 (1). The Court of Appeals distinguished *Cruciani* from the case of *People v Pinckney* (32 NY2d 749), where the defendant had sold heroin and given a hypodermic needle to an addict who injected the drug and then died. The defendant in *Pinckney* was acquitted because there had been no proof of his awareness of the ongoing effect of the drugs in the victim's body at the time another self-inflicted injection might have been made. In *People v Cruciani (supra),* Judge Fuchsberg, writing for a unanimous court, distinguished *People v Pinckney (supra)* and said that "[t]he remoteness of that fatal injection from the fact of sale diffused intent and *scienter* by possibly unknown or intervening events beyond Pinckney's control" *(People v Cruciani, supra,* at 306). Thus, another event was introduced, i.e., a diffusement or separation between the defendant's recklessness and the actual performance of the act causing the death.

Applying this principle to defendant in this case, I am constrained to reverse his conviction for the crime of manslaughter in the second degree (Penal Law § 125.15 [1]). The amended indictment charges that defendant "provided Schuhle with the means, namely a rifle and bullets, and with

the encouragement and support, to kill himself". Defendant contended that he never believed that Schuhle would load the gun and then use it to kill himself. I find that there was a diffusement of the scienter, that is, Schuhle's loading of the rifle and his firing the fatal shot after defendant had given it to him and then departed. There was an intervention of intentional acts by Schuhle. While the availability of the instrument of death may have resulted from defendant's recklessness in giving Schuhle the gun and ammunition, the actual use of those means by Schuhle was not caused by defendant (cf., Matter of Anthony M., 63 NY2d 270, 280-281).

For these reasons, I would reverse the judgment and dismiss the indictment.