UNITED STATES, Appellee,

v.

Frank T. PASSINI, III, Specialist Four,
U. S. Army, Appellant.

No. 37,924.

CMR No. 438124/G.

U. S. Court of Military Appeals.

Dec. 15, 1980.

For Appellant: *Colonel Edward S. Adamkewicz, Jr., Lieutenant Colonel John F. Lymburner, Major Lawrence J. Sandell* and *Captain Michael K. King.*

For Appellee: *Colonel R. R. Boller, Major David McNeill, Jr., Captain Rolland S. Roup* and *Captain Robert D. Higginbotham.*

*Opinion of the Court*

PER CURIAM:

The appellant was tried by a general court–martial and pleaded guilty in compliance with his pretrial agreement. Consistent with his pleas, he was found guilty of possessing and selling hashish on November 5, 1978, and of possessing hashish on November 6, 1978, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. He was sentenced to a dishonorable discharge, total forfeitures, confinement at hard labor for 2½ years, and reduction to the grade E–1. The convening authority approved the findings and sentence, and the United States Army Court of Military Review affirmed.

The appellant argues that his guilty pleas were rendered improvident because the military judge failed to ask the trial and defense counsel whether their understanding of the pretrial agreement comported with the judge's. *See United States v. Green*, 1 M.J. 453 (C.M.A.1976); *United States v. King*, 3 M.J. 458 (C.M.A.1977). However, we agree with appellee that the pretrial agreement is so straightforward and simple that it is susceptible only to one interpretation.[1] In any event, it is clear from the record that the parties assumed that their understanding of the terms and effect of the pretrial agreement was the same. If counsel's understanding of the pretrial agreement had been different in any way from the terms of the agreement that the

1. The pretrial agreement provided that the appellant would plead guilty, enter into a written stipulation which the Government later waived, and refrain from committing any violation of the Uniform Code of Military Justice in exchange for a sentence limitation as to confinement of 5 years.

military judge fully examined in open court, we have no doubt under the circumstances of this case that counsel would have so stated. This inference is all the stronger since counsel were under a duty to reveal in open court any discrepancy between the pretrial agreement and their understanding thereof. *United States v. Crowley*, 3 M.J. 988 (A.C.M.R. *en banc* 1977), *reversed*, 4 M.J. 170 (C.M.A.1977), *pet. for reconsideration granted*, 4 M.J. 272 (C.M.A.1978), *affirmed*, 7 M.J. 336 (C.M.A.1979).

The decision of the United States Army Court of Military Review is affirmed.