UNITED STATES, Appellee,

v.

Kevin L. HINTON, Private, U. S. Army, Appellant.

Dkt. No. 37960/AR.
SPCM Dkt. No. 13767.

U. S. Court of Military Appeals.

Jan. 5, 1981.

For Appellant: *Lieutenant Colonel John F. Lymburner, Major Carlos A. Vallecillo, Captain John P. Young* (on petition).

For Appellee: *Colonel R. R. Boller, Major David McNeill, Jr., Captain Harry J. Gruchala* (on petition).

*Opinion of the Court*

PER CURIAM:

On December 8, 1978, at Fort Bragg, North Carolina, the appellant was tried by a military judge alone sitting as a special court–martial. In accordance with his guilty pleas, he was convicted of larceny and wrongful appropriation of government property, in violation of Article 121, Uniform Code of Military Justice, 10 U.S.C. § 121. He was sentenced to a bad–conduct discharge, confinement at hard labor for 150 days, and forfeiture of $240.00 pay per month for 6 months. Only so much of the appellant's sentence which provided for a bad–conduct discharge and confinement for 3 months was approved by the convening authority. On July 26, 1979, the United States Army Court of Military Review summarily affirmed the findings and sentence. We granted the two following issues for review:

> WHETHER THE JUDGE FAILED TO CONDUCT AN ADEQUATE INQUIRY INTO THE APPELLANT'S UNDERSTANDING OF ALL THE TERMS AND CONDITIONS OF HIS PRETRIAL AGREEMENT?

> WHETHER THE JUDGE ERRED TO THE SUBSTANTIAL PREJUDICE OF THE APPELLANT BY ALLOWING PROSECUTION EXHIBIT 2–c, RECORD OF NONJUDICIAL PUNISHMENT UNDER ARTICLE 15, UCMJ, TO BE ADMITTED INTO EVIDENCE?

The first issue arose from the fact that during the providency inquiry the military judge did not ask the appellant whether he understood the cancellation provisions of his pretrial agreement; nor did he ask counsel whether their understanding of the pretrial agreement, other than the quantum portion

of the agreement, comported with his understanding. Even so, we conclude that the appellant's guilty pleas are valid in light of the entire providency inquiry.

The record demonstrates that before the military judge accepted the appellant's guilty pleas, he specifically asked the appellant if he had read, signed and "fully" discussed the pretrial agreement with his lawyer, and the appellant replied that he had. The judge then took pains to explain to the appellant that if he did not enter into a proposed stipulation of fact, the convening authority would not be bound by terms of the pretrial agreement. The major thrust of these remarks was that unless the appellant pled guilty he could not benefit from the pretrial agreement. Further, the record demonstrates that not until the judge was thoroughly convinced that the appellant understood the plea bargain arrangement did he accept the appellant's guilty pleas. Under these circumstances, we are satisfied that the military judge assured himself that the appellant knew the essence of the cancellation provision in the pretrial agreement–namely, that if he did not plead guilty to the charges, the conven-

ing authority need not honor the pretrial agreement.

We entertain no doubt that counsel would have made it known if their understanding of the pretrial agreement differed in any way from the terms of the document which the military judge examined in open court and discussed with appellant. As we said in *United States v. Passini*, 10 M.J. 108 (C.M.A.1980), "[t]his inference is all the stronger since counsel were under a duty to reveal in open court any discrepancy between the pretrial agreement and their understanding thereof." *Id.* at 109. Accordingly, we find the appellant's first claim without merit.

As to the appellant's final claim, we have examined the Article 15 exhibit in question and have found it to be in compliance with *United States v. Mack*, 9 M.J. 300 (C.M.A. 1980), and *United States v. Negrone*, 9 M.J. 171 (C.M.A.1980). *United States v. Goodwin*, 9 M.J. 216 (C.M.A.1980), also applies.

The decision of the United States Army Court of Military Review is hereby affirmed.