UNITED STATES, Appellee,

v.

Vincent J. GRIEGO, Specialist Four, U. S. Army, Appellant.

Dkt. No. 38536/AR. SPCM 14120/S.

U. S. Court of Military Appeals.

April 13, 1981.

For Appellant: *Colonel Edward S. Adamkewicz, Jr., Lieutenant Colonel John F. Lymburner, Major Grifton E. Carden, Captain Robert D. Ganstine* (on brief).

For Appellee: *Colonel R. R. Boller, Major Ted B. Borek, Captain Harry J. Gruchala* (on brief); *Major David McNeill, Jr., Major John T. Meixell.*

*Opinion of the Court*

PER CURIAM:

At the appellant's special court-martial, he tendered pleas of guilty to negligent homicide [1] and to drunk driving, in violation of Articles 134 and 111, Uniform Code of Military Justice, 10 U.S.C. §§ 934 and 911, respectively. After acceptance of his pleas at an Article 39(a), 10 U.S.C. § 839(a) ses-

sion and entry of findings accordingly, the court members announced a sentence of bad-conduct discharge, confinement at hard labor for 4 months, forfeiture of $279 pay per month for 4 months, and reduction to the lowest enlisted grade. Pursuant to a pretrial agreement, the convening authority reduced the sentence to a bad-conduct discharge, confinement at hard labor for 3 months, forfeiture of $150 pay per month for 3 months, and reduction to Private E–1. The United States Army Court of Military Review affirmed without opinion.

The appellant now complains that, during the inquiry into the pretrial agreement, the military judge failed to ask both counsel if their interpretation of the agreement conformed to his own. Thus, argues the appellant, his pleas are improvident. *See United States v. King*, 3 M.J. 458 (C.M.A.1977); *United States v. Green*, 1 M.J. 453 (C.M.A. 1976).

However, our examination of the simple and straightforward pretrial agreement leads ineluctably to the conclusion that it is susceptible to only one interpretation. *See United States v. Passini*, 10 M.J. 108 (C.M. A.1980). The document provided that the appellant would plead guilty to negligent homicide and to drunk driving and, in that connection, would enter into a stipulation of fact with the prosecution. In return, the convening authority agreed to limit the sentence he would approve to a bad-conduct discharge, confinement at hard labor for 3 months, forfeiture of $150 pay per month for 3 months, and reduction to the grade of E–1. Moreover, the agreement provided that it would automatically be cancelled upon the happening of any one of three specified events: the withdrawal by either party from the agreement prior to trial; the changing of the appellant's plea by anyone during trial; or the refusal of the court to accept the guilty pleas.

---

1. This offense originally was charged as involuntary manslaughter, in violation of Article 119(b)(1), Uniform Code of Military Justice, 10 U.S.C. § 919(b)(1). However, pursuant to a pretrial agreement, the appellant was allowed to plead to the lesser included offense without prosecution effort to prove the greater offense charged.

The military judge fully and conscientiously inquired into each of the cancellation provisions and into appellant's comprehension thereof. The judge ascertained that Griego had read "very carefully" the stipulation of fact. The appellant expressly acknowledged that this stipulation would relieve the Government of any duty to prove by other evidence the facts recited therein and that the stipulation could be used by the court members in determining an appropriate sentence. The judge obtained Griego's assurance that he had "carefully" read the pretrial agreement and had "carefully" discussed it with his defense counsel before signing it.

The judge asked appellant to explain the basis for his pleas of guilty and took pains to assure that Griego believed that he was guilty of the offenses to which he had entered the pleas. Noting that the pretrial agreement called for a plea of guilty to negligent homicide in violation of Article 119—rather than Article 134—the judge learned that an error had been made in the document and that the prosecution did not intend to offer evidence that Article 119 had been violated. Appellant stated that no promises had been made to him which were not contained in the written pretrial agreement; and both counsel specifically represented to the military judge that all agreements between the Government and the defense were contained in that document.

The military judge asked Griego to read through the portion of the pretrial agreement which concerned the sentence. Then he explained those same terms to appellant,[2] and obtained appellant's specific assurances that the explanation conformed to what appellant had bargained for. Finally, the military judge asked the appellant whether he had any questions at all about the agreement, and the response was in the negative.

In short, the inquiry conducted by the military judge was exemplary in all respects except that of which appellant now complains. As in *United States v. Hinton*, 10 M.J. 136 (C.M.A.1981), and *Passini*, we are confident that if counsel's understanding of the pretrial agreement had differed in any way from that which the military judge had made clear on the record, counsel would have made this known. As we said in *Passini*, "This inference is all the stronger since counsel were under a duty to reveal in open court any discrepancy between the pretrial agreement and their understanding thereof." 10 M.J. at 109. We perceive no basis for any doubt that this appellant's guilty pleas were provident.

The decision of the United States Army Court of Military Review is affirmed.

2. For the military judge to know the quantum provisions of the pretrial agreement was quite appropriate, since the sentencing was to be done by the court members. *Cf. United States v. Green*, 1 M.J. 453 (C.M.A.1976) (discussion of procedure where military judge imposes sentence).