**UNITED STATES, Appellant and Cross-Appellee,**

v.

**Reinhold CRAWFORD, Private E–2 U. S. Army, Appellee and Cross-Appellant.**

No. 39,575.

SPCM 14569.

U. S. Court of Military Appeals.

Aug. 10, 1981.

Appellant: *Colonel R. R. Boller, Major Robert B. Williams, Major Douglas P. Franklin, Captain Kenneth H. Clevenger* (on brief); *Major Ted B. Borek.*

Appellee: *Colonel Edward S. Adamkewicz, Jr., Lieutenant Colonel John F. Lymburner, Major Lawrence D. Galehouse, Captain John Lukjanowicz* (on brief); *Major Robert D. Ganstine.*

*Opinion of the Court*

PER CURIAM:

On January 10, 1980, the accused was tried by a military judge alone sitting as a special court-martial. In accordance with his guilty pleas, he was convicted of four specifications of unauthorized absence, in violation of Article 86, Uniform Code of Military Justice, 10 U.S.C. § 886, and was sentenced to a bad-conduct discharge, confinement at hard labor for 45 days, and reduction to the lowest enlisted grade. The convening authority approved the findings and sentence; but in a memorandum opinion, the United States Army Court of Military Review set aside the action of the convening authority on the grounds that, under this Court's decisions in *United States v. Green,* 1 M.J. 453 (C.M.A. 1976), and *United States v. King,* 3 M.J. 458 (C.M.A. 1977), the military judge's inquiry into the accused's understanding of the terms of his pretrial agreement was not sufficient. The Judge Advocate General of the Army thereupon certified the following question of law to this Court under the provisions of Article 67(b)(2), UCMJ, 10 U.S.C. § 867(b)(2):

WHETHER, WHERE THE ACCUSED ADMITTED READING AND UNDERSTANDING THE TERMS OF HIS PRE-

TRIAL AGREEMENT; HAD DISCUSSED THOSE TERMS WITH HIS COUNSEL; HAD NO QUESTIONS AT TRIAL ABOUT THOSE TERMS; WHERE NO UNWRITTEN TERMS EXISTED; WHERE THE JUDGE SCRUTINIZED THE WHOLE AGREEMENT AND DELETED AN OFFENSIVE PROVISO; WHERE THE JUDGE NEGLECTED TO EXPLAIN CERTAIN CONDITIONS REGARDING THE PRETRIAL AGREEMENT BUT WHERE NONE OF THE CONDITIONS NEGLECTED TO BE EXPLAINED BY THE JUDGE WERE EVER TRIGGERED, AND; WHERE THE ACCUSED DOES NOT ALLEGE THAT HE WAS EVER MISLED OR IN ANY WAY PREJUDICED BY THE FAILURE TO EXPLAIN THE OMITTED CONDITIONS, THE ARMY COURT OF MILITARY REVIEW ERRED IN ITS CONCLUSION THAT THE INQUIRY INTO THE ACCUSED'S UNDERSTANDING OF HIS PRETRIAL AGREEMENT WAS NOT SUFFICIENT TO FULLY SATISFY THE REQUIREMENTS OF *UNITED STATES v. GREEN,* 1 M.J. 453 (CMA 1976).

The accused thereafter filed a cross-petition for grant of review of his record but declined to assign any error in support thereof. Before this Court completed review of the record on his cross-petition, the Government moved for summary reversal of the decision of the Court of Military Review on the basis of the intervening decisions of this Court in *United States v. Hinton,* 10 M.J. 136 (C.M.A. 1981), and *United States v. Passini,* 10 M.J. 108 (C.M.A. 1980). We agree that our decisions in *Hinton* and *Passini* and our more recent decision in *United States v. Griego,* 10 M.J. 385 (C.M.A. 1981), compel reversal of the Army Court of Military Review decision in the instant case.

We have carefully examined the providence inquiry and find that it reveals that the accused and his counsel had a clear understanding of the terms of his pretrial agreement. Moreover, the terms of that agreement proved to be moot in that the sentence imposed by the military judge was below the sentence limit prescribed in the pretrial agreement, a limit which the military judge specifically reviewed on the record with the accused and his counsel immediately after adjudging sentence.

In response to the certified question, we conclude that the providence inquiry was adequate. Furthermore, as Crawford has assigned no error and we can find none in the record, his cross-petition for review must be denied. Accordingly, the decision of the United States Army Court of Military Review is reversed and the record of trial is remanded to that court for further proceedings in light of this opinion.