**UNITED STATES, Appellee,**

v.

**Captain Wilfredo ROSARIO, SSN 583–58–2988, United States Army, Appellant.**

**CM 441222.**

U. S. Army Court of Military Review.

23 March 1982.

Captain William T. Wilson, JAGC, argued the cause for appellant. With him on the brief were Major Raymond C. Ruppert, JAGC, and Captain Dennis E. Brower, JAGC.

Captain Paul E. Jordan, JAGC, argued the cause for appellee. With him on the brief were Colonel R. R. Boller, JAGC, Major John T. Edwards, JAGC, and Captain Paul K. Cascio, JAGC.

Before McKAY, GARN and HANFT, Appellate Military Judges.

OPINION OF THE COURT

GARN, Judge:

The appellant, in accordance with his guilty pleas, was convicted of dishonorably and wrongfully possessing and using heroin, dishonorably and wrongfully possessing marihuana, and fraternization with enlisted men, in violation of Articles 133 and 134, Uniform Code of Military Justice, 10 U.S.C. § 933 and § 934. He was sentenced to dismissal and confinement at hard labor for nine months. The convening authority approved the sentence.

The trial judge failed to secure from counsel their explicit assurances that there were no "*sub rosa*" agreements and that their understanding of the agreement comported with his interpretation, as required by the Court of Military Appeals in *United States v. Green*, 1 M.J. 453 (C.M.A.1976).

After the trial, however, counsel executed affidavits averring that there were no *"sub rosa"* agreements and that their understanding of the agreement comported with the trial judge's interpretation.[1] The issue we address is whether we may consider those affidavits.

In *United States v. Crowley,* 3 M.J. 988 (A.C.M.R.1977) (en banc), this Court held that securing and considering affidavits from counsel regarding the possible existence of undisclosed agreements is a proper means for determining whether there were such agreements. Subsequently, however, in *United States v. King,* 3 M.J. 458 at 459 (C.M.A.1977), a majority of the Court of Military Appeals stated that they declined "to 'fill in' a record left silent because of a trial judge's omission" with respect to the inquiries required by *United States v. Green, supra.*

 The Court of Military Appeals may, as implied in *King,* decline to accept affidavits from counsel to clarify questions about pretrial agreements. Nevertheless, we do not find, in *King* or elsewhere, any prohibition against our doing so. This Court has fact finding and review responsibilities that the Court of Military Appeals does not have. Compare Articles 66 and 67, Uniform Code of Military Justice, 10 U.S.C. § 866 and § 867. Furthermore, in *United States v. Steck,* 10 M.J. 412 (C.M.A.1981), the Court of Military Appeals sanctioned proceedings in revision as an appropriate

means for rectifying trial judges' failures to comply with the inquiry requirements of *Green.* Were we to decline to consider counsel's affidavits in appellant's case, we would be put in the position of ordering a revision proceeding to determine uncontroverted facts that are established in those affidavits. Such a waste of time and resources is unnecessary, if not ludicrous. Accordingly, we adhere to this Court's holding in *United States v. Crowley, supra*[2] that this Court may consider affidavits from counsel concerning possible undisclosed pretrial agreements with respect to guilty pleas, and further hold that this Court also may consider such affidavits with respect to the comportment of counsel's understandings and the trial judge's interpretation of the agreement.

After considering counsel's affidavits in appellant's case, as well as the record of trial, we are satisfied that his pleas of guilty were provident. The findings of guilty and the sentence are affirmed.

Judge McKAY and Judge HANFT concur.

---

1. We could find adequate compliance with the "comportment" requirement of *Green* in the record of trial without reference to the affidavits. The terms of the written agreement were basically straightforward and simple. When the trial judge recited the essential provisions of the agreement in open court, counsel did not express any disagreement. We may infer from their silence that their understanding of the agreement comported with the trial judge's interpretation. *United States v. Hinton,* 10 M.J. 136 (C.M.A.1981) and *United States v. Passini,* 10 M.J. 108 (C.M.A.1980). Moreover, the terms of the agreement were moot because, with respect to the sentence, the convening authority had only agreed to suspend confinement if the confinement adjudged exceeded one

year and one day. *Cf. United States v. Crawford,* 11 M.J. 336 (C.M.A.1981).

2. *Crowley* has an interesting appellate history. Initially, the decision of this Court affirming the conviction was summarily reversed and a rehearing was authorized. 4 M.J. 170 (C.M.A. 1977). Subsequently, a petition for reconsideration was granted. 4 M.J. 272 (C.M.A.1978). Finally, with each judge writing a separate opinion regarding the basis of his decision, none of which referred to the propriety of considering counsel's affidavits, the Court of Military Appeals unanimously affirmed the decision of this Court. 7 M.J. 336 (C.M.A.1979).