UNITED STATES, Appellee,

v.

Specialist Four Edward L. WILLIAMS, SSN 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, United States Army, Appellant.

CM 440872.

U. S. Army Court of Military Review.

11 June 1982.

Major James F. Nagle, JAGC, and Captain John G. Martin, JAGC, were on the pleadings for appellant.

Colonel R. R. Boller, JAGC, Major John T. Edwards, JAGC, Major John T. Meixell, JAGC, Captain Kenneth H. Clevenger, JAGC, and Captain James C. Underhill, Jr., JAGC, were on the pleadings for appellee.

Before CARNE, Senior Judge, and O'DONNELL and FOREMAN, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Judge:

In accordance with his pleas, the appellant was convicted of two specifications of conspiracy to commit larceny, two specifications of conspiracy to commit housebreaking, four specifications of larceny, one specification of burglary, and three specifications of housebreaking, in violation of Articles 81, 121, 129 and 130, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 921, 929 and 930, respectively. He was sentenced to a dishonorable discharge, confinement at hard labor for ten years, forfeiture of all pay and allowances, and reduction to Private E–1. Pursuant to a pretrial agreement the convening authority approved only a bad-conduct discharge, confinement at hard labor for five years, partial forfeitures for five years, and reduction to Private E–1.

The appellant contends that his guilty pleas were improvident because the military judge failed to inquire into the existence of a *sub rosa* plea bargain. We hold that the military judge's inquiry into the terms of the plea bargain was adequate to comply with *United States v. Green*, 1 M.J. 453 (C.M.A.1976) and *United States v. King*, 3 M.J. 458 (C.M.A.1977). We find that there was a *sub rosa* agreement, but that it was not part of any plea bargain. We hold that the *sub rosa* agreement does not render the guilty pleas improvident.

■ The record reflects that the military judge advised the appellant that his pretrial agreement required only that he plead guilty, have his pleas accepted by the military judge, and enter into a stipulation of fact. After so advising the appellant, the military judge asked counsel for both sides if they agreed with his interpretation. Both responded in the affirmative. We find that the military judge's recital of what he perceived to be the appellant's entire obligation, followed by counsel's agreement with the military judge's recital, constitutes adequate compliance with the mandates of *Green* and *King*. *See United States v. Griego*, 10 M.J. 385 (C.M.A.1981); *United States v. Passini*, 10 M.J. 108 (C.M.A.1980).

Although there were no *sub rosa* plea bargains, there was a *sub rosa* clemency agreement which was not conditioned on a plea of guilty. The affidavits of the trial counsel and trial defense counsel establish that, prior to his trial, the appellant and other co-accused were offered the prospect of sentence reduction if they testified against other co-accused. It is clear that the staff judge advocate did not desire to require testimony as part of any plea bargain, but desired to encourage co-accused to testify. However, the affidavits are in conflict regarding what was promised by the government. The trial defense counsel states that the trial counsel informed him that the staff judge advocate would recommend clemency in return for appellant's testimony. However, the affidavits of trial counsel and the chief of military justice deny that there was a firm promise to recommend clemency; they state that they promised only that the staff judge advocate "would consider" recommending clemency in return for testimony.

The parties also disagree regarding the sentence reduction which was offered in return for testimony. The chief of military justice describes an offer of clemency "up to one-third of the adjudged sentence." The trial counsel's affidavit is ambiguous, referring only to "a reduction in the sentence by up to ⅓ (sic)," without specifying whether the offer pertained to the adjudged sentence, the approved sentence, or

the sentence in the plea bargain. The trial defense counsel states that the offer was to "reduce the confinement provided for in the pretrial agreement by one third."

The conflict between the appellant's perception that he had the staff judge advocate's firm promise to recommend clemency and the prosecution's insistence that they had promised only to consider recommending clemency was not resolved at the trial level, nor was it clarified whether the promised sentence reduction applied to the adjudged, approved, or negotiated sentence.

The appellant's trial was on 3 April 1981. He pleaded guilty in accordance with his plea bargain, which did not require his testimony in other cases. On 8 April 1981 the appellant testified in the case of a co-accused named Willis and at that time he testified that he was not required by his plea bargain to testify against Willis. The post-trial review in appellant's case made no mention of a clemency agreement conditioned upon appellant's testimony, nor does the trial defense counsel's *Goode* * response raise the issue of the clemency agreement. The trial defense counsel submitted a clemency petition reciting the appellant's testimony against Willis but did not state that such cooperation and testimony was pursuant to an agreement with the staff judge advocate. The staff judge advocate did not comment on the clemency petition. The convening authority signified that he had seen the petition by initialing it. The Willis record containing the appellant's testimony was authenticated on 27 April 1981 and action taken by the convening authority on 30 April 1981. On 1 May 1981 the same convening authority took action in appellant's case. The appellant received no sentence reduction beyond that required by his plea bargain.

■ We are now faced with the issue whether the government complied with whatever offer they made for appellant's testimony. The affidavits submitted by the government appellate counsel assert that the appellant failed to comply with the government's offer because his testimony at the Willis trial was vague at best and perhaps untruthful. Whether that conclusion was the basis of the convening authority's action, which by implication denied the petition for clemency, cannot be ascertained from the record. However, while we are not privy to whatever unrecorded pretrial interviews may have occurred between appellant and the trial counsel, we have compared the appellant's testimony in the Willis case with his pretrial statement, which was taken by military police investigators and incorporated into the Willis pretrial investigation, and find them consistent. Having no evidence to the contrary other than the conclusory statement in the government's affidavit that the appellant "hedged his testimony, changed his testimony and in some circumstances simply lied," we find that the appellant complied with the terms of the government's offer of clemency.

■ However, our finding that the appellant complied with his part of the clemency agreement does not end the inquiry, because the terms of the clemency offer are disputed. Since the government induced the appellant's testimony by offering the prospect of a substantial sentence reduction, we do not believe that the integrity and public reputation of the criminal justice system would be enhanced by permitting the government to renege on the ground that they only promised to consider making a favorable recommendation. Government appellate counsel have characterized the offer as a firm offer to recommend clemency rather than an ambiguous offer to consider recommending clemency, and we agree with that characterization.

■ Regarding what was offered in the way of sentence reduction, we lack a fully developed record, since the agreement was not disclosed at the time of trial or discussed in the post-trial review. Under the circumstances, we believe that justice will be best served by resolving the doubt in appellant's favor. Since the government

* *United States v. Goode*, 1 M.J. 3 (C.M.A.1975).

initiated the offer, they had the responsibility to insure that its terms were clearly communicated and preserved for appellate review.

 *Green* and *King* do not specifically require an inquiry by the military judge into the terms of collateral agreements not involving the pleas. Accordingly, we hold that the pleas were not rendered improvident by the lack of an inquiry into the terms of the agreement regarding appellant's testimony. Nevertheless, we note that the factual conflict in this case could have been avoided had counsel for either side brought the offer of clemency to the attention of the military judge, and if the offer of clemency had been memorialized in writing. While we do not condone the trial defense counsel's failure to raise the issue either at the trial or in his *Goode* response to the post-trial review, we decline to apply waiver in this case, believing that to do so would seriously affect the fairness, integrity and public reputation of judicial proceedings.

The findings of guilty are affirmed. Only so much of the sentence is affirmed as provides for a bad-conduct discharge, confinement at hard labor for three years and four months, forfeiture of $200.00 pay per month for three years and four months, and reduction to Private E–1.

Senior Judge CARNE and Judge O'DONNELL concur.