UNITED STATES, Appellee,

v.

Patrick C. DINKEL, Specialist Four, U. S. Army, Appellant.

No. 37837.

CM 438201.

U. S. Court of Military Appeals.

Aug. 2, 1982.

For Appellant: *Colonel Edward S. Adamkewicz, Jr., Lieutenant Colonel John F. Lymburner, Major Charles A. Byler, Captain Robert L. Gallaway* (on brief).

For Appellee: *Colonel R. R. Boller, Major Ted B. Borek, Major Douglas P. Franklin; Captain Karen S. Gillett* (on brief); *Major David McNeill, Jr., Captain Stephen D. Smith, Captain David H. Johnson.*

## OPINION OF THE COURT

COOK, Judge:

Appellant was convicted, pursuant to his pleas, of involuntary manslaughter and two specifications of use of heroin, in violation of Articles 119(b)(1) and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 919(b)(1) and 934, respectively. He was sentenced to a dishonorable discharge, confinement at hard labor for 20 years, total forfeitures, and reduction to Private E–1. In accordance with a pretrial agreement, the convening authority reduced the confinement to 48 months; otherwise, he approved the sentence as adjudged. The United States Army Court of Military Review affirmed the findings and sentence as approved by the convening authority. We granted review of the following assigned issue:

THE APPELLANT'S PLEA OF GUILTY WAS IMPROVIDENT DUE TO THE FAILURE OF THE MILITARY JUDGE TO CONDUCT A SUFFICIENT INQUIRY INTO THE NATURE OF THE PRETRIAL AGREEMENT AS REQUIRED BY *United States v. Green*, 1 M.J. 453 (C.M.A.1976), AND *United States v. King*, 3 M.J. 458 (C.M.A.1977).

In addition, we specified the following issue:

WHETHER APPELLANT'S PLEA OF GUILTY TO INVOLUNTARY MANSLAUGHTER BASED UPON CULPABLE NEGLIGENCE WAS PROVIDENT IN VIEW OF THE CIRCUMSTANCES OF THE VICTIM'S DEATH.

I

■ The facts as revealed by appellant during the providence inquiry are that, on June 15, 1978, he and three other service members were in a barracks room in Zirndorf, West Germany, "cutting" and "shooting up" heroin. In addition to injecting himself, appellant injected a Specialist Soukup, at Soukup's request.

At that point, Specialist Steele entered the room. He bought a quantity of heroin from Hermanson, one of the party, and proceeded to "snort" it. After a few minutes, Steele indicated that he was not getting "high" and bought some more. Soukup prepared the substance and attempted to inject it into Steele's arm. However, Soukup was unable to find a vein, so Steele asked appellant to hold his arm. Appellant did, permitting Soukup to complete the deed. As a consequence, Steele died.

Appellant knew the deceased had already snorted heroin; he did not know that the deceased had also been drinking alcoholic beverages. Nevertheless, appellant admitted that he was culpably negligent, as the term was explained by the military judge; that it was foreseeable that the deceased might overdose and die; and that the injection of heroin was the actual cause of death.

* *See United States v. Care*, 18 U.S.C.M.A. 535,

The facts of this case are virtually identical to those in *United States v. Mazur*, 13 M.J. 143 (C.M.A.1982). Mazur also assisted his victim in injecting heroin and was charged with involuntary manslaughter by culpable negligence under Article 119(b)(1). There we reiterated our view that "the furnishing of a restricted drug was an act inherently dangerous to human life," citing *United States v. Moglia*, 3 M.J. 216, 217 (C.M.A.1977) (footnote omitted). In affirming Mazur's conviction, we held "that death was a foreseeable consequence" of assisting another to inject heroin and that Mazur's "act constituted culpable negligence." 13 M.J. at 145. These principles are equally applicable here. Thus, there was no legal impediment to accepting appellant's plea of guilty to involuntary manslaughter under the circumstances.

II

■ After the military judge established the factual basis for appellant's pleas,* he discussed the pretrial agreement with appellant. The agreement, which is short and straightforward, contains the following recital:

This writing including Appendix A, embodies the entire pretrial agreement and contains all the promises made to me or by me concerning my plea of guilty and there are no terms or conditions placed upon my offer to plead guilty which are not contained in this agreement.

Immediately thereunder appear the signatures of appellant, defense counsel, and the convening authority. Though the military judge did not specifically advert to this clause in his inquiry, he did assure himself that appellant understood all of the operational terms of the agreement. The judge did not ask counsel if their understanding of the agreement coincided with his explanation, nor did he obtain assurances from them that the written agreement constituted the entire agreement of the parties. Such failings, appellant contends, rendered his pleas of guilty improvident.

40 C.M.R. 247 (1969).

In *United States v. Green*, 1 M.J. 453, 456 (C.M.A.1976), and *United States v. King*, 3 M.J. 458, 459 (C.M.A.1977), the majority of this Court mandated that

> the trial judge should secure from counsel for the accused as well as the prosecutor their assurance that the written agreement encompasses all of the understandings of the parties and that the judge's interpretation of the agreement comports with their understanding of the meaning and effect of the plea bargain.

However, we have recently modified the *Green-King* rule to the extent that we are willing to assume "that counsel would have made it known [to the military judge] if their understanding of the pretrial agreement differed in any way from the terms of the document which the military judge examined in open court and discussed with appellant." *United States v. Hinton*, 10 M.J. 136, 137 (C.M.A.1981). *See also United States v. Griego*, 10 M.J. 385 (C.M.A.1981), and *United States v. Passini*, 10 M.J. 108 (C.M.A.1980).

As the very terms of the instant document plainly indicated that the written agreement was all-inclusive, and as neither counsel challenged its terms, we are satisfied that counsels' interpretations of the agreement coincided with the military judge's and with the document itself. Further, we are satisfied that the written agreement constituted the entire agreement of the parties. Moreover, "[T]he pretrial agreement is so straightforward and simple that it is susceptible only to one interpretation." *United States v. Passini, supra* at 108 (footnote omitted).

Accordingly, the decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT and Judge FLETCHER concur.