UNITED STATES, Appellee,

v.

Private First Class Todd C. CAMPBELL, SSN 519–86–5832, United States Army, Appellant.

CM 442635.

U. S. Army Court of Military Review.

19 Jan. 1983.

578

Lieutenant Colonel R. Rex Brookshire, II, JAGC, Captain William T. Wilson, JAGC, and Captain David M. England, JAGC, were on the pleadings for appellant.

Lieutenant Colonel John T. Edwards, JAGC, Captain Patrick M. Flachs, JAGC, and Captain Karen A. Charbonneau, JAGC, were on the pleadings for appellee.

Before O'DONNELL, FOREMAN and WERNER, Appellate Military Judges.

## OPINION OF THE COURT

WERNER, Judge:

The appellant pled guilty to two specifications of wrongful sale of hashish in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (1976), and was sentenced to a bad-conduct discharge, confinement at hard labor for three years, total forfeitures, and reduction to Private E–1. In accordance with a pretrial agreement, the convening authority approved ten months of the confinement portion of the sentence and the remainder as adjudged.

Appellant contends the government violated a provision of the agreement which read, "The government agrees to present no evidence on Specifications 1, 2, 4, 5 and 7 of the Charge." One of the specifications alleged the offense of false swearing. Appellant pled not guilty to and was acquitted of all of the foregoing specifications as the government presented no evidence on them prior to findings. During the presentencing phase of the trial, the government, over defense objection, introduced and used evidence of appellant's false swearing in aggravation. Appellant now complains, as he did at trial, that such action constitutes a breach of the agreement because the plain language of the provision bars the government from presenting such matters in aggravation. On the other hand, the government maintains the provision was intended to apply to the merits of the case only.

We find it unnecessary to resolve the parties' conflicting interpretations. The real issue is whether the military judge failed to comply with the requirements of *United States v. Green,* 1 M.J. 453 (C.M.A. 1976), and *United States v. Elmore,* 1 M.J. 262 (C.M.A.1976), by not clarifying the meaning of the disputed provision and by not assuring that all parties were in agreement as to its meaning and effect. We hold that he failed to comply with the foregoing requirements.

Prior to accepting appellant's pleas of guilty, the military judge read the provision of the agreement aloud and obtained appellant's assurance and his counsel's concurrence that they understood its meaning and effect. He also asked the necessary comportment questions of both counsel and received affirmative responses. In the usual case, this would have been sufficient compliance with *Green* and *Elmore. See United States v. Hinton,* 10 M.J. 136 (C.M.A. 1981); *United States v. Cruz,* 10 M.J. 32 (C.M.A.1980). However, when the trial defense counsel objected to the presentation of evidence of appellant's false swearing on the ground that it would violate the agreement, this indicated that the parties were not in agreement as to the meaning of the provision. It should have triggered additional inquiry by the trial judge to resolve the misunderstanding. This was not accomplished and was therefore error. Unlike the situation in *United States v. Passini,* 10 M.J. 108 (C.M.A.1980), the disputed provision of the agreement was not "so straightforward and simple that it is susceptible to only one interpretation." (Footnote omitted). Under the circumstances, we hold that the military judge's error adversely affected the providence of the appellant's pleas of guilty. *United States v. King,* 3 M.J. 458 (C.M.A.1977).

Accordingly, the findings of guilty and the sentence are set aside. A rehearing

may be ordered by the same or a different convening authority.

Senior Judge O'DONNELL and Judge FOREMAN concur.