UNITED STATES

v.

**Senior Airman Johnnie L. CAMPBELL,
FR 276–56–5962, United States
Air Force.**

**ACM 23924.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 1 March 1983.

Decided 1 Nov. 1983.

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain Conrad C. Baldwin, Jr.

Appellate Counsel for the United States: Colonel Kenneth R. Rengert and Major Christopher A. Taravella.

Before FORAY, CANELLOS, and SNYDER, Appellate Military Judges.

## DECISION

### PER CURIAM:

Pursuant to his pleas, the accused was convicted of distribution and use of cocaine. He has submitted four assignments of error for our consideration. We affirm.

Appellate defense counsel aver that the military judge's inquiry regarding the pretrial agreement was cursory; that the officer who conducted the post-trial clemency interview of the accused was disqualified; that the military judge failed to interrupt trial defense counsel's argument because he mentioned Air Force Policy; and, that the convening authority should only have approved six months of confinement so that the accused could be considered for parole. We disagree with all of the assignments of error and will discuss only three of them.

The military judge is required to insure, on the record, that the accused understands all of the terms of a pretrial agreement; specifically, the meaning and effect of each condition of the agreement, the sentence limitations, and that there are no *sub rosa* agreements between the parties. The judge must also insure that his understanding of the agreement is the same as the accused's and counsel for both sides. *United States v. Green,* 1 M.J. 453 (C.M.A. 1976); *United States v. King,* 3 M.J. 458 (C.M.A.1977).

In the instant case, the military judge had the accused read the agreement in open court and state to him that he understood every provision of the agreement, and that the agreement contained all of the agreements between the parties. Additionally, the judge obtained assurances from both counsel that there were no ambiguities, or *sub rosa* agreements, and that his understanding of the agreement was the same as theirs. He also obtained the same responses on the sentence limitation.

Our review of the agreement reveals it to be straight forward and simple in its terms. Accordingly, we hold that the inquiry meets the *Green-King* mandate. *United States v. Griego,* 10 M.J. 385 (C.M.A.1981); *United States v. Hinton,* 10 M.J. 136 (C.M.A.1981); *United States v. Passini,* 10 M.J. 108 (C.M.A.1980). Additionally, the issue is further resolved by the fact that the sentence imposed by the court was less than the limits agreed to by the parties to the agreement. *United States v. Crawford,* 11 M.J. 336 (1980).

The deputy staff judge advocate, Lieutenant Colonel B, administered the required oath to the accuser when charges were preferred against the accused, and he later signed the referral block of the charge sheet indicating that the convening authority had referred the charges for trial. That was his only involvement with the case prior to conducting the clemency interview.

We find that the prior acts by Colonel B were not of the type which would disqualify him from conducting the clemency interview. *United States v. Markland,* 2 M.J. 356 (A.F.C.M.R.), *pet. denied,* 3 M.J. 464 (1977). Moreover, the accused's counsel was present at the interview and interposed no objection to Colonel B conducting the interview. Neither did defense counsel comment on Colonel B having conducted the interview in his response to the staff judge advocate's review. Thus, we perceive

**668**

no harm to the accused. *United States v. Bush,* 12 M.J. 647 (A.F.C.M.R.1981), *pet. denied,* 13 M.J. 39 (1982). Our review of Colonel B's report gives no indication of bias or an absence of balance.

■ As for the defense counsel's comment on Air Force Policy, it was ambiguous at best. Taken in context, he appears to have been arguing that the only interest of the Air Force is that an appropriate sentence be imposed rather than seeking retribution for retribution's sake. At any rate, we find no error in the military judge's failure to interrupt counsel's argument. There was no mention or discussion of any specific policy. *See United States v. Woodyard,* 16 M.J. 715 (A.F.C.M.R.1983). As we commented in *United States v. Fisher,* 17 M.J. 768 (A.F.C.M.R.1983), the mere mentioning of the word "policy," without more, will not mandate reversal of an otherwise valid conviction or sentence.

We have considered the remaining assignment of error and find it to be without merit.

■ During our review, we noted that the military judge, pursuant to the accused's request, cleared the courtroom while the sentence limitation agreed to in the pretrial agreement was discussed. The only reason given by defense counsel was that some confidential information may have to be discussed.

We do not endorse this procedure and caution military judges to exercise extreme care in ordering public trial proceedings closed. Our review of this record fails to discern any reason why the courtroom should have been cleared of spectators in order to discuss the sentence limitations. Since the spectators knew that there was some type of "deal" between the accused and the convening authority, clearing the courtroom may well have caused some of them to question the integrity of the proceedings.

Since the accused requested the clearing of the courtroom, we find no prejudice, but repeat our caution to military judges.

Finding no prejudice to the substantive rights of the accused, the findings of guilty and the sentence are

AFFIRMED.