**UNITED STATES**

v.

**Airman First Class Bobby D. JONES, Jr., FR 092–64–8459, United States Air Force.**

**ACM 25726.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 12 Nov. 1986.

Decided 12 March 1987.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Major Charles E. Ambrose, Jr.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni and Major David F. Barton.

Before SESSOMS, STEWART and LEWIS, Appellate Military Judges.

## DECISION

LEWIS, Judge:

The appellant was found guilty pursuant to his pleas of three drug-related specifications involving marijuana and cocaine. The maximum punishment imposable consisted of dishonorable discharge, confinement for nine years, forfeiture of all pay and allowances and reduction to airman basic. By virtue of a pretrial agreement the appellant could receive no punitive discharge worse than a bad conduct discharge nor confinement in excess of 13 months. He was sentenced by the military judge, sitting alone, to a bad conduct discharge, confine-

ment for nine months, forfeiture of $400.00 per month for nine months and reduction to airman basic. The sentence was approved as adjudged by the general court-martial convening authority.

■ While we affirm the findings and sentence, it is appropriate that we comment concerning the scope of the military judge's questioning during the providence inquiry. *United States v. Care*, 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969). Having been advised that the appellant had entered into a pretrial agreement with the convening authority, the military judge queried him as to his understanding of its provisions. *United States v. Green*, 1 M.J. 453 (C.M.A.1976). The military judge did not attempt to examine the terms of the sentence limitation in the appendix to the accepted offer of agreement. He did, however, query the appellant as to his understanding of the limitation in sufficient detail to elicit the following information: (1) the limitation included a provision relating to punitive discharge; (2) the limitation included a provision relating to confinement; (3) the limitation included no provision precluding the convening authority's disapproval of a punitive discharge and substituting therefor an increase in the amount of confinement adjudged; (4) the limitation had no provision relating to forfeiture; and, (5) while not entirely clear from the exchange between the military judge and the appellant, the limitation probably had no provision relating to reduction in grade. The military judge did not state a reason for this type of inquiry, and we are unable to determine whether there was a reason for it from our review of the record. The trial defense counsel did not object to the inquiry.

In *United States v. Green, supra.*, which established the pretrial agreement inquiry requirement, the Court noted: "Inquiry into the actual sentence limitations specified in the plea bargain should be delayed until after announcing sentence where the accused elects to be sentenced by the military judge rather than a court with members." 1 M.J. at 456. This policy has been

adopted by the Manual for Courts-Martial in the following terms:

> If a plea agreement exists, the military judge shall require disclosure of the entire agreement before a plea is accepted, provided that in trial before military judge alone the military judge ordinarily shall not examine any sentence limitation contained in the agreement until after the sentence of the court-martial has been announced.

R.C.M. 910(f)(3). This guidance has similarly been adopted in Department of Army Pamphlet 27–9, Military Judges' Benchbook, para. 2–14, note (Change 1, 15 February 1985).

■ *United States v. Green*, and cases decided since have encouraged comprehensive inquiries by military judges to insure complete understanding by accuseds of the terms of pretrial agreements. In this case the military judge's inquiry went too far. In attempting to insure that the appellant understood the nature of his sentence limitation, he acquired more knowledge than he either needed to know or should have known prior to imposing sentence. As *Green* suggested, the premature receipt of such information by a military judge, sitting alone, may adversely affect "the perceived fairness of the sentencing process." 1 M.J. at 455. While it is desirable for a military judge to inquire whether the appendix to a pretrial agreement is understood by the appellant and other parties to the trial and whether it contains conditions other than as relate to sentence, an appropriate inquiry need not delve into the nature of the sentence limitation itself. *See generally, United States v. Walters*, 5 M.J. 829 (A.C.M.R. 1978), *aff'd*, 8 M.J. 95 (1979).

■ Appellate government counsel correctly points out that R.C.M. 910(f)(3), by use of the term, "ordinarily," does not state an absolute prohibition against an inquiry into the nature of a sentence limitation in a case such as this. Additionally, counsel surmises that some matter not apparent from the record of trial, such as the appellant's displaying a perplexed demeanor, might have prompted the military

judge's detailed inquiry. In response and by way of future guidance, the following is provided. The wording of R.C.M. 910(f)(3) signals that inquiry into the nature of a sentence limitation in a bench trial is intended only as a means of dealing with an unusual circumstance. We conclude that this is the clear meaning of the well accepted *Green* dictum even when, as in this case, the resulting inquiry falls short of a visual examination by the military judge of the sentence limitation portion of the agreement. Before an inquiry such as was conducted in this case is undertaken by a military judge, he should first state the reason or reasons prompting the inquiry. Counsel should be offered an opportunity to comment on or object to the proposed inquiry. If the military judge determines that an inquiry is required, he should thereafter consider the advisability of recusal, depending upon the nature of the information he receives through the inquiry. R.C.M. 902(a).

While trial defense counsel in this instance did not object to the inquiry or subsequently pose a challenge to the military judge's continuing to sit, our reading of R.C.M. 902, in its entirety, causes us to conclude that counsel's silence was not a waiver of possible error. However, the appellant was not prejudiced by the inquiry in any event. The adjudged sentence was below the maximum provided for by the sentence limitation terms of the pretrial agreement. *See United States v. Crawford*, 11 M.J. 336 (C.M.A. 1981).

We have examined the record of trial, appellant's brief on specified issues and the government's reply thereto and have concluded that the findings and sentence are correct in law and fact and that no error prejudicial to the substantial rights of the accused was committed. Accordingly, the findings of guilty and the sentence are

AFFIRMED.

Senior Judge SESSOMS and Judge STEWART concur.