UNITED STATES, Appellee,

v.

Sergeant Wayne L. HOLMAN, 224–84–2039, United States Army, Appellant.

ACMR 8702740.

U.S. Army Court of Military Review.

28 Feb. 1989.

For Appellant: Colonel John T. Edwards, JAGC, Lieutenant Colonel Russell S. Estey, JAGC, Major Eric T. Franzen, JAGC, Captain Scott A. Hancock, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Gary L. Hausken, JAGC, Captain Anne E. Ehrsam, JAGC (on brief).

Before KANE, GILLEY, and GIUNTINI, Appellate Military Judges.

## OPINION OF THE COURT

KANE, Senior Judge:

Pursuant to his pleas, the appellant was convicted of three violations of a lawful general regulation by wrongfully purchasing controlled items in excess of prescribed limits and personal needs, wrongful transfer of controlled items, and by failing to account for regulated items as required by United States Forces Korea Regulation 27–5 (20 May 1986) [hereinafter USFK Reg. 27–5]. The appellant was sentenced to a bad-conduct discharge, confinement for ten months, and reduction to Private E1. Pursuant to a pretrial agreement, the convening authority approved the sentence, but suspended confinement in excess of nine months for one year.

On appeal the appellant asserts: (1) paragraphs 18b(2) and (3) of USFK Reg. 27–5 are unconstitutional *per se* and as applied to his case in violation of his fifth amendment right against self-incrimination; (2) the military judge erred in accepting his guilty plea as provident "in the face of plain violations of appellant's fifth amendment rights by law enforcement personnel"; (3) the military judge erred by failing to inquire as to the existence of *sub rosa* agreements in connection with the pretrial agreement; and (4) the military judge erred by failing to find wrongful purchase of regulated items multiplicious for findings with wrongful transfer of regulated items. At trial, the appellant moved to dismiss Specification 2 of the Charge, which alleged a failure to account for regulated items, "as being unconstitutional."

The appellant's responses during the providence inquiry and the stipulation of fact established the illegal disposition of those items for which the appellant failed to account. Therefore, the military judge was required to obtain an affirmative waiver of the defense afforded by the fifth amendment. *United States v. Williams*, 27 M.J. 710, 725–726 (A.C.M.R.1988) (en banc) (citing *United States v. Jemmings*, 1 M.J. 414, 418 (C.M.A.1976)). The appellant's plea of guilty to failure to account for regulated items as required by USFK Reg. 27–5 was improvident because the military judge did not obtain an affirmative waiver of the constitutional defense. *United States v. Williams*, 27 M.J. at 726. We will dismiss Specification 2 of the Charge.

The appellant asserts that the military judge failed to inquire as to the existence of *sub rosa* agreements in connection with the pretrial agreement. His inquiry did not satisfy the requirements of *United States v. Green*, 1 M.J. 453 (C.M.A.1976), and *United States v. King*, 3 M.J. 458

(C.M.A.1977). The United States Court of Military Appeals has modified the *Green –King* requirements to the extent that it is willing "to assume 'that counsel would have made it known [to the military judge] if their understanding of the pretrial agreement differed in any way from the terms of the document which the military judge examined in open court and discussed with the appellant.'" *United States v. Dinkel*, 13 M.J. 400, 402 (C.M.A.1982) (quoting *United States v. Hinton*, 10 M.J. 136, 137 (C.M.A.1981)).

The military judge asked the appellant if he had carefully read and discussed the pretrial agreement prior to signing it. The military judge thoroughly discussed one of the terms of the pretrial agreement in which the appellant waived his right to be tried by a court-martial consisting of members and agreed to be tried by military judge alone. In discussing this term of the pretrial agreement, the military judge obtained assurances that trial defense counsel had explained the difference between trial by judge alone and trial by members. The other terms pertained to the stipulation of fact. The appellant agreed to enter into a written stipulation of fact, and that the stipulation of fact could be used to inform the court of matters appropriate to findings and sentence. The military judge thoroughly discussed the stipulation of fact in open court. Both counsel and the appellant agreed that the stipulation of fact was true and could be used in determining a sentence. On the first page of the pretrial agreement, the appellant acknowledged that he was satisfied with his defense counsel, that the offer to plead guilty originated with him, that no attempts to force or coerce him to plead guilty had been made, and that his defense counsel had advised him of the meaning and effect of his plea and that he understood it. The military judge obtained additional assurances that the appellant understood the sentence portion of the pre-trial agreement and the conditions that would automatically cancel the agreement. The military judge also asked the appellant if he had any questions as to the meaning and effect of or as to the terms or conditions in the pretrial agreement. The appellant's response was in the negative.

We find that the pretrial agreement in the instant case is so simple and straightforward that it is susceptible to only one interpretation. *United States v. Passini*, 10 M.J. 108 (C.M.A.1980). Recognizing counsel's duty to reveal any discrepancy between the pretrial agreement and counsel's understanding thereof, we are confident that if counsel's understanding of the pretrial agreement had been different in any way from the terms which the military judge examined in open court and discussed with the appellant, counsel would have so stated. *Id.* at 108–109. We are satisfied that the written agreement constituted the entire agreement of the parties. Thus, we conclude that the appellant's remaining guilty pleas are valid in light of the entire providence inquiry. *See United States v. Hinton*, 10 M.J. 136, 137 (C.M.A. 1981); *see also United States v. Rosario*, 13 M.J. 552, 553 n. 1 (A.C.M.R.), *petition denied*, 14 M.J. 165 (C.M.A.1982).

Our resolution of the appellant's fifth amendment claim obviates the requirement for our review of the multiplicity issue.

The finding of guilty to Specification 2 of the Charge is set aside and that specification is dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, we affirm the sentence.

GILLEY, Judge, with whom Judge GIUNTINI joins, concurring:

As I expressed in *Williams*, in my opinion waiver attached to any objection based on self-incrimination. However, as the majority voted to the contrary there, I concur.