**UNITED STATES, Appellee,**

v.

**Private E2 Steven E. RONDASH, 548–65–5913, United States Army, Appellant.**

**ACMR 8902355.**

U.S. Army Court of Military Review.

28 Feb. 1990.

Reconsideration Denied April 9, 1990.

For Appellant: Captain Jeffrey J. Fleming, JAGC, Captain Michael J. Berrigan, JAGC (on brief).

For Appellee: Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Major Maria C. Fernandez, JAGC, Captain Timothy W. Lucas, JAGC (on brief).

Before FOREMAN, SMITH and VARO, Appellate Military Judges.

*Opinion of the Court*

PER CURIAM:

Appellant entered into a pretrial agreement whereby, in exchange for his pleas of guilty and promise to testify truthfully at another's court-martial, the convening authority agreed to refer appellant's case to a special court-martial. During the providence inquiry, the military judge directed the trial counsel to separately mark the offer and quantum portion of the agreement. There was no separate quantum portion. The agreement to refer the case to a special court-martial appeared on the face of the offer. Therefore, the judge was made aware of the agreement to refer the case to a special court-martial.

Appellant now alleges it was error to disclose to the military judge the sentence limitation portion of the agreement. We agree. *See United States v. Green*, 1 M.J. 453, 455 (C.M.A.1976) (In order to "enhance the perceived fairness of the sentencing process" inquiry into sentencing limitations specified in plea bargain should be delayed until after sentence announcement in judge alone courts-martial); *see also United States v. Jones*, 24 M.J. 525 (A.F.C.M.R.), *petition denied*, 25 M.J. 308 (C.M.A.1987). The agreement to refer the case to a special court-martial should have been included in a separate quantum portion of the agreement. Such an agreement is equivalent to a sentence limitation within the meaning of *Green*.

We find that the erroneous procedure was defense initiated and that there was no defense objection. The court finds no "plain error" within the meaning of Manual for Courts–Martial, United States, 1984, Military Rule of Evidence 103(d). Accordingly, trial defense counsel's failure to object waived this issue on appeal.

We have considered the other errors asserted by appellant and find them to be without merit.

The findings of guilty and the sentence are affirmed.