# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

———————————————

**No. 201600044**

———————————————

**UNITED STATES OF AMERICA**
Appellee

v.

**WILLIE B. PARIS, JR.**
Chief Warrant Officer 2, U.S. Marine Corps
Appellant

———————————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Colonel James K. Carberry, USMC.
For Appellant: Commander Richard E.N. Federico, JAGC, USN.
For Appellee: Commander Serajul E. Ali, JAGC, USN;
Captain Cory A. Carver, USMC.

———————————————

Decided 22 September 2016

———————————————

Before MARKS, FULTON, GLASER-ALLEN, *Appellate Military Judges*

———————————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

**OPINION OF THE COURT**

———————————————

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of one specification of violating a lawful general regulation prohibiting fraternization, two specifications of adultery, an additional specification of fraternization[1], and one specification of conduct unbecoming an officer and gentleman, in violation of Articles 92, 133, and

---

[1] The separate specifications for fraternization reflected the appellant's conduct as a non-commissioned officer and then as a warrant officer.

134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892, 933, and 934 (2012). The military judge sentenced the appellant to 45 days' confinement and a dismissal. The convening authority (CA) approved the sentence as adjudged. In accordance with a pretrial agreement, the CA suspended all confinement over 30 days and the punitive discharge for a period of six months.

The appellant alleges that the military judge's failure to conduct an adequate inquiry into the pretrial agreement rendered his plea improvident. We disagree. We find the findings and the sentence are correct in law and fact and that no error materially prejudicial to the appellant's substantial rights occurred. Arts. 59(a) and 66(c), UCMJ.

## I. BACKGROUND

Beginning in 2010, the appellant met CB and began a sexual relationship while both were stationed in Iwakuni, Japan, and both were married to other people. At the beginning of the sexual relationship, CB was a corporal, and worked for the appellant. CB's husband, also a corporal, occasionally worked for the appellant as well. The appellant and Cpl CB temporarily ended their relationship in June 2011 when Cpl CB left Iwakuni.

After completing Warrant Officer Basic School, the appellant received orders to Yuma, Arizona, where he was again in a leadership position over Cpl CB and her husband. The appellant and Cpl CB resumed their inappropriate relationship sometime during 2012 until November 2014. The relationship ended shortly after Cpl CB disclosed it to her husband.

The appellant was charged with fraternization, adultery, and conduct unbecoming an officer and gentleman based on his conduct with Cpl CB. To dispose of his charges, the appellant entered into a pretrial agreement with the CA. Both Part I and Part II of the agreement were digitally signed by the appellant on 21 September 2015. The CA signed the document by hand on 22 September 2015. Both Part I and Part II bear pen-and-ink modifications purporting to be a counteroffer from the CA. The modifications were initialed by the staff judge advocate on 22 September 2015 and by the accused on 23 September 2015. The modifications altered the proposed pretrial agreement in the following ways: First, a provision in which the appellant agreed to waive his right to an administrative discharge board was removed. Second, the appellant agreed to go to trial by 2 October 2015. Third, a requirement for the appellant to submit a resignation request for the good of the service in-lieu-of further administrative processing by 9 October 2015 was added to Part II. By the terms of the hand-written modifications, this counteroffer was to be revoked if not accepted in writing by 23 September 2015.

After eliciting a factual basis for the appellant's guilty pleas, the military judge discussed the pretrial agreement with the appellant. The military judge ascertained that the appellant had a copy of the agreement in front of him, and that he had read it several times. The appellant told the military judge that his defense counsel had explained each and every provision of the agreement to him, and that he was convinced that he fully understood the agreement. Then the military judge discussed the nature of the agreement with the appellant, explaining that, in exchange for the appellant agreeing to enter certain pleas to the charges and specifications, the CA promised to approve no sentence greater than the one set forth in the Part II of the agreement. The military judge further explained that if the sentence awarded by the court was greater than the one provided for in the agreement, the CA would have to reduce the sentence to one no greater than the one in the agreement. If the adjudged sentence was less than that provided for in the agreement, the CA would not be permitted to increase the sentence. The appellant indicated that he understood these provisions.

Following this discussion, the military judge accepted the agreement and found that the appellant had knowingly, intelligently, and consciously waived his rights against self-incrimination, to a trial of facts by the court-martial, and to confront the witnesses against him. The military judge further found that the appellant's pleas were made voluntarily and with a factual basis. After the announcement of sentence and review of Part I and Part II of the agreement, the military judge found the pretrial agreement to be in accordance with public policy and his own notions of fairness.

## II. ANALYSIS

The appellant now alleges that his colloquy with the military judge about the pretrial agreement raises a substantial basis for questioning the providence of his guilty pleas. Specifically, the appellant argues that by failing to ask the appellant about the specific terms of the pretrial agreement, and instead relying on the appellant's assurances that he understood the agreement, the military judge did not ensure that the appellant understood the agreement. The appellant also argues that the providence of his pleas is further undercut by the fact that the military judge did not ask the appellant if he had signed the agreement, or whether he agreed to its terms. Additionally, the appellant urges that the "oddity" of the dates and initials, along with the hand-written modifications, justified a deeper inquiry into the agreement.

We will not disturb a guilty plea unless the record of trial shows a substantial basis in law or fact for questioning the guilty plea. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008).

When an accused enters into a pretrial agreement to plead guilty, the military judge must inquire into the plea agreement to "ensure: (A) That the accused understands the agreement; and (B) That the parties agree to the terms of the agreement." RULE FOR COURTS-MARTIAL 910(f)(4), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.). "If the plea agreement contains any unclear or ambiguous terms, the military judge should obtain clarification from the parties. If there is doubt about the accused's understanding of any terms in the agreement, the military judge should explain those terms to the accused." RCM 910(f)(4), Discussion.

## A. The appellant understood the terms of the pretrial agreement

Although the military judge did not review each individual term of the pretrial agreement with the appellant on the record, we find no error. *See United States v. Passini*, 10 M.J. 108, 108-09 (C.M.A. 1980) (holding that where "pretrial agreement" provisions are "straightforward and simple . . . susceptible only to one interpretation" and "it is clear from the record that the parties assumed that their understanding of the terms and effect of the pretrial agreement was the same," the court will not find a guilty plea improvident even if "the military judge failed to ask the trial and defense counsel whether their understanding of the pretrial agreement comported with the judge's"); *accord United States v. Williamson*, 4 M.J. 708, 709 (N.C.M.R. 1977) (declining to find guilty plea improvident where the "pretrial agreement in this case . . . is clear and unambiguous").

As in *Passini and Williamson*, the military judge's colloquy convinces us that the appellant understood the agreement, and that he pleaded guilty voluntarily. As required by the rule, the military judge inquired into the appellant's understanding of the agreement. The military judge ascertained that he had read it, that counsel had explained every term to him, and that he understood it. We find that the agreement does not contain any unclear or ambiguous terms, and there have been no disputes between the parties over the agreement's terms.

Neither the modifications to the document nor the dates and initials accompanying them cause us to doubt the appellant's understanding of the agreement. *See United States v. Workman*, No. 201400080, 2014 CCA LEXIS 519, at 6, unpublished op. (N-M. Ct. Crim. App. 29 July 2014) (per curium) ("Ordinarily, a military judge is not required to inquire into deleted provisions; they are no longer part of the PTA."). The appellant does not claim to have had an erroneous understanding of the agreement and does not claim that the CA has breached any term of the agreement.

## B. The appellant signed the agreement and agreed to its terms

The appellant alleges that the military judge erred by failing to ask the appellant if he signed the agreement and if he agreed to the terms of the agreement. We disagree. *See United States v. Dinkel*, 13 M.J. 400, 401 (C.M.A. 1982) (declining to find plea improvident even though the military judge failed to "specifically advert to t[he] clause in his inquiry" (of appellant) that the pretrial agreement "contains all the promises made to me or by me concerning my plea of guilty and there are no terms or conditions placed upon my offer to plead guilty which are not contained in this agreement"); *United States v. Gilmore*, No. 9900536, 2000 CCA LEXIS 389, at *8-9 (Army Ct. Crim. App. 31 July 2000), unpublished op. (declining to find the appellant's plea improvident where the military judge "fail[ed] to obtain the appellant's personal concurrence" with the sentence limitation portion of the pretrial agreement after reading it into the record following sentencing).

Upon beginning the session and in the presence of both parties, the military judge recounted that the parties had informed him that they had reached a pretrial agreement. The pretrial agreement bears the appellant's digital signature and his initials in pen accompanying the modifications. The accused personally entered his pleas and agreed that he was requesting trial by military judge alone as part of a pretrial agreement he had with the CA. Both of the appellant's defense counsel were with the appellant during the discussion of his agreement. In the presence of counsel, he agreed that he understood the rights he was giving up in the agreement, and that he had discussed these matters with his two counsel. The appellant neither denies that the signatures are his nor alleges that he did not in fact agree to the terms in the agreement. The record convinces us that the appellant signed the agreement after agreeing to its terms, including the terms expressed in the handwritten modifications to the document.

### III. CONCLUSION

The findings of guilty and sentence are affirmed.

For the Court



R.H. TROIDL
Clerk of Court